Hillsborough,
No. 6287.

STATE *v.* WILLIAM WEST.

September 29, 1972.

*Warren B. Rudman,* attorney general, and *Thomas B. Wingate,* assistant attorney general (*Mr. Wingate* orally), for the State.

*William P. Shea,* by brief and orally, for the defendant.

PER CURIAM. The question for decision in this case is whether there was sufficient evidence to support defendant's conviction for robbery committed at the Sherwin Williams paint store in Manchester on May 28, 1970. Trial was by the superior court without a jury before *King,* J. Following his conviction upon the indictment charging him with robbery, defendant moved that the verdict be set aside and one of not guilty entered, or in the alternative for a new trial on the ground that there was not sufficient credible evidence before the trial court to warrant the verdict of guilty. To the denial of these motions the defendant duly excepted. The questions of law presented by these and other exceptions taken at the trial were reserved and transferred by the trial court.

The only direct evidence of the defendant's participation in the robbery came from the testimony of an alleged accomplice, Norman Maibe, presently under indictment for the same robbery. Maibe, who was present during all of the proceedings, before and after the commission of the crime, testified to defendant's role both in the planning and execution of the robbery. The robbery occurred at approximately 9:00 p.m. when two men entered the paint store at 1237 Elm Street, Manchester. Present at the time of the robbery were the manager, a stock boy and two customers. According to their testimony, two individuals entered the store and ordered them to the back of the building. All testified that one robber was about 6'2" in height, had dark hair and wore a silk stocking over his face. The other was agreed to be shorter in height, wore a bandana around his face up to his eyes and a large "hippie-style" hat with a wide brim and

light colored hair sticking out beneath the hat. The taller man carried a gun. The robbers took a cash box from the store's safe and wallets from those present and made their escape. The tall man was subsequently identified by the witnesses as an individual named Nicholas Kolinas. Kolinas was indicted for the robbery and entered a plea of guilty at his trial. The other individual, alleged to be defendant West, was never directly identified by the eyewitnesses.

As we said recently in *State* v. *Rumney,* 109 N.H. 544, 258 A.2d 349 (1969), "It is established law in this jurisdiction that the uncorroborated testimony of an alleged accomplice is competent evidence upon which to found a verdict, in the absence of statutory provision to the contrary. *State* v. *Desilets,* 96 N.H. 245; *State* v. *Keegan,* 106 N.H. 152, 154." There is no statute to prevent the application of the rule in this case. We also recognize and reaffirm our acceptance of the rule that such testimony, though competent, must be received with caution and "cannot be accepted by a jury if it appears on its face to be 'bald perjury, preposterous, or self-contradictory.'" *State* v. *Rumney, supra* at 545, 258 A.2d at 350. Counsel for defendant argues that the testimony given by Norman Maibe falls within this category. The record does not support this contention.

Witness Maibe placed defendant West at the scene of the crime on the day and time in question. Other than the testimony of another participant, Nicholas Kolinas, defendant only offered the testimony of a close friend, Joseph LaBranche, to rebut the testimony of Maibe. LaBranche, it is admitted, could not say specifically that he had been with defendant on the evening of the robbery. Other witnesses who, it was claimed, could account for defendant's presence on the evening in question, were not produced. Though Kolinas testified that West was not involved, contradicting Maibe's testimony, the resolution of this credibility issue is appropriately left to the trial court.

Kolinas' contradiction of Maibe's testimony does not amount to self-contradiction which gives cause in the proper case to reject the testimony of an alleged accomplice. In the absence of a showing of such contradiction and of any testimony accounting for the presence of defendant on the eve-

ing in question, we cannot say Maibe's testimony placing him at the scene was so "preposterous" as to be unworthy of belief by the trial court. Nor is there any evidence of "bald perjury" on Maibe's part unless we can say with certainty that Kolinas was credible and Maibe was not. On the evidence presented by the record, that conclusion is not compelled. Defendant's motions were properly denied. *State* v. *Santos,* 107 N.H. 490, 225 A.2d 617 (1967).

*Exceptions overruled.*

All concurred.