Hillsborough
No. 7599

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM WEST

April 29, 1977

*David H. Souter,* attorney general, and *Richard B. Michaud,* of Concord (*Mr. Michaud* orally), for the state.

*Robert T. Kennedy,* public defender, of Manchester, by brief and orally for the defendant.

GRIMES, J. In this habeas corpus proceeding, the issue is whether defendant had the effective assistance of counsel when he was convicted of robbery in February 1971. After hearing in April 1976, the superior court denied his habeas corpus petition and his exceptions were transferred by *King,* J., who had also presided at the defendant's trial.

Defendant was tried (before *King,* J.,) without a jury for robbery committed at the Sherwin Williams paint store in Manchester, New Hampshire on May 28, 1970. He was found guilty and sentenced to prison. In his appeal to this court in which he was represented by different counsel he did not raise any question of ineffective representation at trial. His conviction was affirmed by this court. *State v. West,* 112 N.H. 317, 295 A.2d 457 (1972).

In his petition for habeas corpus, defendant now contends that his trial counsel failed adequately to represent him and points to the fact that trial counsel has since been disbarred and has pleaded guilty by reason of insanity to multiple indictments for embezzlement and forgery committed between October 1971 and December 1973. West claims that his trial counsel was appointed but there is no record of such an appointment or of his being paid from public funds. West's testimony on this point appears to be inconsistent. There was also confusing testimony with regard to $700 which was paid to trial counsel and credited to West's account, although West now claims it was for bail which counsel misapplied. In any event West's opportunity to be free on bail ended in August 1970 when his parole on a previous sentence was revoked and he was transferred to the prison.

West's complaints regarding his trial counsel relate to the lack of proper preparation, failure to discuss the case with him

sufficiently, and the claim that he was induced to waive a jury trial by telling him that the case would not be dismissed at the end of the state's case unless jury was waived. His main complaint on lack of preparation relates to the failure of counsel to call as an alibi witness one Henry Chase. By defendant's own testimony, trial counsel talked with him personally on three occasions and at least once by telephone. The evidence does not compel a finding that further conversations would have been profitable. Nor was the trial court required to believe defendant with respect to the number of conferences.

■ The evidence did not require the trial court to find, as defendant claims, that his trial counsel was ineffective for failure to call an alibi witness, Chase. It was not a compelled finding that he existed or that if he did, his testimony would have aided the defendant's case. During the trial, defendant was asked whether "he knew anyone who could put him in another place" at the time of the robbery. Defendant named two persons but did not mention Chase. The persons named were a friend, LaBranche, and Mrs. Kelley, the mother of LaBranche. LaBranche, who was then in the house of correction for assault with intent to rob, was called as a witness. His testimony revealed that at the time of the Sherwin Williams robbery, he was not in control of himself because he was an addict. He was unable to state where West was on the night of the robbery. Mrs. Kelley was not called. She was described by defendant to be a very nervous woman and an alcoholic. In view of the testimony of LaBranche, the trial court was not required to find that the failure to call Mrs. Kelley was due to incompetence of counsel or that her testimony would have helped the defendant. The fact that defendant did not mention Chase as an alibi witness at trial raises a doubt that Chase, if he existed, was made known to trial counsel and the fact that Chase was not produced at the habeas corpus hearing permitted the court to infer that he either did not exist or that his testimony would not aid the defendant.

■ The claim regarding the waiver of a jury trial likewise did not require acceptance by the trial court. The record shows that before trial the defendant was asked personally if he was voluntarily waiving his right to a jury and responded "Most certainly."

■ There was testimony by two psychiatrists at the habeas corpus hearing that defendant's trial counsel was probably suffering from some mental disorder at the time of trial but that he

had a high intellectual capacity and that any effect his condition had on him would not prevent him from functioning as well as many lawyers. The trial transcript reveals that counsel effectively represented his client at the trial all of which was observed by the trial judge. The record in this case does not compel a finding that trial counsel did not come "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *State v. Fleury*, 111 N.H. 294, 299, 282 A.2d 873, 877 (1971); *Heath v. Vitek*, 115 N.H. 200, 337 A.2d 345 (1975).

*Exceptions overruled.*

All concurred.