Merrimack
No. 90-440

### THE STATE OF NEW HAMPSHIRE

v.

### STANLEY MATIYOSUS

October 9, 1991

*John P. Arnold*, attorney general (*Donald Feith*, assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J.   On July 13, 1989, the defendant, Stanley Matiyosus, was convicted of conspiracy to commit theft by deception in violation of RSA 629:3 and 637:4. Defendant filed a motion for a new trial based on ineffective assistance of counsel. The Superior Court (*Manias*, J.) conducted a hearing and denied the motion in an extensive written order. The issue presented for review is whether the trial court properly found that defendant's right to effective assistance of counsel under the State and Federal Constitutions was not violated when defense counsel (1) failed to object to remarks made during the prosecutor's closing argument and (2) failed to request cautionary jury instructions regarding accomplice and eyewitness identification testimony. We affirm.

The record establishes the following facts. On March 15, 1988, defendant participated in a staged theft of his wife's jewelry at a Brockton, Massachusetts, restaurant in order to fraudulantly collect $1,500 in insurance proceeds. Joseph Butler, an off-duty police officer dining at the restaurant, observed the activities of the defendant, his wife, his daughter, and a friend, Frank Burke, surrounding the staged theft. The theft was reported to the Brockton police, who arrived immediately and interviewed the defendant, his wife, and Butler. Butler later identified Burke from a photographic array as one of the people present at the Brockton restaurant on March 15.

Butler, Burke, and defendant testified at trial. Butler testified regarding his observations and his identification of Burke. Burke testified that he conspired with defendant to defraud the insurance company and participated in the staged theft. The defendant denied both Burke's and his own involvement in the staged theft.

A criminal defendant is entitled to reasonably competent assistance of counsel under part I, article 15 of the State Constitution and the sixth amendment of the Federal Constitution. *State v. Fennell*, 133 N.H. 402, 405, 578 A.2d 329, 331 (1990). This court adheres to a "'strong presumption'" that counsel's conduct constitutes reasonable practice. *Id.* (quoting *State v. Faragi*, 127 N.H. 1, 5, 498 A.2d 723, 726 (1985)). Accordingly, ineffective assistance will be found only if the defendant can prove that (1) counsel's errors were so egregious that he was not acting as the "counsel" guaranteed under the State and Federal Constitutions and (2) a reasonable probability exists that counsel's errors prejudiced the outcome of the proceedings. *Id.*; *State v. Allegra*, 129 N.H. 720, 723, 533 A.2d 338, 341 (1987).

Defendant first claims that defense counsel's failure to object during the prosecutor's closing argument constituted ineffective assist-

ance of counsel. The prosecutor made the following remarks in reference to impeachment evidence which had been used against the defendant:

> "Now—and *I put to you* [defendant's] explanations as to why he said no to those two questions [relating to prior insurance policies in force and prior insurance claims] is definitely not credible. Yes, those questions were asked dealing with, while Mr. Matiyosus was on the stand, dealing with his credibility, and I *put to you* his answers for the answers that were looked for. It's not credible. Mr. Matiyosus is not credible. This whole charge is based on the lack of credibility of Mr. Matiyosus. And *I put to you* the evidence that has come out in this case points to the lack of credibility of Mr. Stanley Matiyosus."

(Emphasis added.) Defendant claims that these remarks amounted to prosecutorial overreaching because they expressed the prosecutor's personal opinions. Therefore, he argues, counsel's failure to object to them was unreasonable and prejudicial.

■ This argument is without merit. Viewing the prosecutor's use of the phrase "I put to you" in the context of his surrounding remarks concerning the defendant's credibility, we fail to find that he invoked his personal opinion. The phrase "I put to you" was a permissible urging by the prosecutor that the jury should draw the inference, from the impeachment evidence presented at trial, that the defendant was not a credible witness. *See State v. Grote*, 127 N.H. 748, 751, 506 A.2d 346, 348 (1986) (prosecutor's use of phrase "I imagine" did not indicate personal opinion). The prosecutor was not attempting to exploit his status as a public official in order to sway the jury or vouch for the credibility of witnesses who supported the State's version of the facts. *See State v. Bujnowski*, 130 N.H. 1, 5–6, 532 A.2d 1385, 1387–88 (1987) (conviction reversed because the prosecutor repeatedly professed his personal opinion as to the credibility of a witness by the use of the phrase, "I think").

Moreover, the trial court specifically found that, "[v]iewing the prosecutor's statements in the present case in the context of his surrounding remarks, it is apparent that he was not expressing a personal belief or opinion, but was arguing, based on evidence, that the defendant was not a credible witness." The trial court was in the best position to view the alleged offending statements in the context of the prosecutor's other statements during his argument. Because we agree that no prosecutorial overreaching occurred, defense counsel's

failure to object to the prosecutor's remarks does not meet the level of unreasonable competence required for a finding of inadequate assistance of counsel.

■ Defendant next claims that counsel's failure to request a cautionary jury instruction regarding the credibility of Frank Burke's accomplice testimony constituted ineffective assistance of counsel. Defendant cites *State v. West*, 112 N.H. 317, 319, 295 A.2d 457, 458 (1972), for the proposition that uncorroborated accomplice testimony should be "received with caution." He then argues that counsel's failure to request cautionary jury instructions, when viewed in light of the *West* court's admonishment, was unreasonable and prejudicial. We disagree. First, Burke's involvement in the staged theft was corroborated by Officer Butler's testimony that Burke was present at the restaurant. Second, the *West* court's warning that *uncorroborated* accomplice testimony should be "received with caution" neither explicitly nor implicitly created an obligation to request cautionary jury instructions. Such is particularly the case where Burke's testimony was corroborated. Third, the trial court properly found that even if an instruction had been given, it was not reasonably probable that "the result of the proceeding would have been different." The jury, after all, was exposed to Burke's personal interest in the outcome of the trial at various stages of the trial. The jury also was generally instructed to consider a witness's personal interest in assessing witness credibility.

■ Defendant finally claims that counsel's failure to request a cautionary jury instruction regarding Officer Butler's identification of Frank Burke constituted ineffective assistance of counsel. We agree with the trial court's order finding that Butler's identification was reliable based on the totality of circumstances test for determining admissibility. *See State v. Allard*, 123 N.H. 209, 213, 459 A.2d 259, 262, *cert. denied*, 464 U.S. 933 (1983). Thus, the issue becomes whether counsel acted ineffectively in failing to request cautionary jury instructions regarding *reliable* testimony. We find that failure to request such precautionary instructions does not fall within the narrow scope of constitutionally unreasonable attorney conduct.

*Affirmed.*

All concurred.