Hillsborough-northern judicial district
No. 94-251

### THE STATE OF NEW HAMPSHIRE

v.

### FREDDIE SANCHEZ

August 17, 1995

*Jeffrey R. Howard*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

BROCK, C.J. The defendant, Freddie Sanchez, appeals the Superior Court (*Sullivan*, J.) denial of his motion for a new trial based on his claim of ineffective assistance of counsel. We affirm.

After a jury trial in Superior Court (*Sullivan*, J.), the defendant was convicted of three counts of selling cocaine, one count of

accomplice to the sale of cocaine and one charge of possession of cocaine with the intent to distribute, all in violation of RSA chapter 318-B. After the conviction, the defendant filed an appeal to this court; on the advice of counsel, however, he withdrew the appeal because "non-meritorious issues [were] presented." He subsequently argued in a motion for a new trial, and argues here on the instant appeal, that his trial counsel's failure to preserve. an adequate record of the grounds of several objections to testimony at trial deprived him of meaningful review on direct appeal, and that his trial counsel's assistance was thus ineffective.

The defendant raises his claim of ineffective assistance under both the New Hampshire and Federal Constitutions. The State Constitution is at least as protective as the Federal Constitution in this area. *See State v. Chase*, 135 N.H. 209, 211, 600 A.2d 931, 933 (1991). We address the question under the State Constitution independently, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), "using federal precedent only for its help in dealing with the State issue." *State v. Glidden*, 127 N.H. 359, 361, 499 A.2d 1349, 1350 (1985).

The right of effective assistance of counsel guarantees the defendant "reasonably competent assistance of counsel." *State v. Matiyosus*, 134 N.H. 686, 687, 597 A.2d 1068, 1069 (1991). Under either constitution, to prevail on an ineffective assistance claim the defendant must demonstrate that his "counsel's conduct so undermined the proper 'functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *State v. Anaya*, 134 N.H. 346, 351, 592 A.2d 1142, 1145 (1991) (quotation omitted). This test contains two prongs: the defendant must show that his attorney's performance was deficient, or not "reasonably competent," and that the deficient performance resulted in actual prejudice to the outcome of the defendant's trial. *Id.* at 351-52, 592 A.2d at 1145; *see Matiyosus*, 134 N.H. at 687, 597 A.2d at 1069-70. This actual prejudice must rise to such a level "that there is a reasonable probability that . . . the result of the proceeding would have been different. . . . [I]f the defendant is unable to demonstrate such prejudice, we need not even decide whether counsel's performance [was deficient.]" *Chase*, 135 N.H. at 212, 600 A.2d at 933 (quotations omitted). In cases where a defendant can demonstrate a reasonable probability that the result of the proceeding would have been different, the United States Supreme Court has recently refined the prejudice inquiry in the federal test to include a focus on "whether counsel's . . . performance renders the result of the trial unreliable or the proceeding fundamentally unfair."

*Lockhart v. Fretwell*, 113 S. Ct. 838, 844 (1993). In the present case, the defendant must demonstrate a reasonable probability that, but for his counsel's failure to preserve the record, his conviction would have been reversed on appeal, and that the verdict on a subsequent retrial would be different. *See State v. Killam*, 137 N.H. 155, 158, 626 A.2d 401, 403 (1993); *Chase*, 135 N.H. at 212-13, 600 A.2d at 933. Because the defendant in the instant case cannot demonstrate such a probability, we do not decide today whether the recent refinement of the federal standard renders the State and federal standards different. *See Chase*, 135 N.H. at 211, 600 A.2d at 933 (because the State and federal "standards are identical, the analysis and result is the same under each constitution").

The defendant presents the testimony of Manchester Police Sergeant Gary Tibbetts as grounds for his claim. Tibbetts executed a warrant for the defendant's arrest at the Manchester bus terminal after the defendant exited a bus arriving from Boston. On direct examination by the State, the following exchange occurred:

Q. Now you said you saw him get off the bus?
A. Yes.
Q. What happened after he got off the bus?
A. I had started to move in his direction the same time calling for a backup unit, as the information was that he might possibly be armed too. As I approached —

Defendant's counsel then interrupted and asked for a bench conference, which was not recorded. No objections, requests for relief, or rulings thereon were stated on the record regarding this testimony.

The defendant complains that the statement, "as the information was that he might possibly be armed," although not precisely evidence of another "bad act," should be analyzed pursuant to New Hampshire Rule of Evidence 404(b). He contends that this testimony "advanced the State's portrayal of the defendant as . . . [a]n armed person [who] surely fits the stereotypical image of a drug dealer that must have resided with the jury." According to the defendant, this portrayal was highly prejudicial. He contends that we would have reversed the superior court's denial of a mistrial had there been an adequate record on appeal. There is some indication in the record that the statement was allowed for "non-hearsay purposes," *i.e.*, to show why Sergeant Tibbetts acted as he did prior to arresting the defendant. The trial record is not clear on this point; however, for the purposes of this case only, we will analyze the statement as though it were inadmissible.

Even if the defendant's trial counsel had preserved the issues for review on the defendant's direct appeal, we would not have reversed

the superior court's denial of a motion for a mistrial absent an abuse of discretion. *State v. Lemire*, 130 N.H. 552, 554, 543 A.2d 425, 426 (1988). If the circumstances surrounding Sergeant Tibbetts' testimony indicated that justice would not have been served had the trial continued to a verdict, then the trial court should have granted the motion for a mistrial, and we would have reversed a denial of such a motion. *See id.* The "remarks or the conduct must be more than merely inadmissible; they must constitute an irreparable injustice that cannot be cured by jury instructions." *State v. Drew*, 137 N.H. 644, 648, 633 A.2d 108, 110 (1993). Although trial counsel's failure to object to the admissibility of Sergeant Tibbetts' statement, or to request a curative instruction after it was made, may be evidence of counsel's inadequate performance, *see State v. Staples*, 121 N.H. 959, 964, 437 A.2d 266, 268-69 (1981), the defendant has failed to demonstrate that a failure to make such an objection or request on the record caused him actual prejudice at trial.

No irreparable injustice or prejudice resulted from these statements. On cross-examination of Sergeant Tibbetts and Officer David Sullivan, who searched the defendant pursuant to his arrest, defense counsel elicited testimony that the defendant was indeed *not* armed at the time of the arrest. The superior court found Sergeant Tibbetts' statement to be "very vague," and to have only a "questionable" prejudicial effect. We conclude that the statement created, at most, a temporary ambiguity, which was subsequently corrected by the testimony of Tibbetts himself and of Officer Sullivan. *Cf. State v. Collins*, 138 N.H. 217, 220-21, 637 A.2d 153, 155 (1994) (court was "satisfied on the trial record as a whole" that the jury's knowledge of a separate, ultimately dismissed, indictment did not entitle the defendant to a mistrial); *Blais v. Town of Goffstown*, 119 N.H. 613, 620, 406 A.2d 295, 300 (1979) (trial court's denial of a mistrial was proper where any prejudice to defendant was "overcome by the trial court's careful handling of the situation"). "Where the testimony is ambiguous, a defendant is not so substantially prejudiced that a mistrial is required." *State v. Ellison*, 135 N.H. 1, 6, 599 A.2d 477, 480 (1991).

Finally, a review of the entire record discloses that the defendant was not irreparably harmed by the statement. *See Killam*, 137 N.H. at 158, 626 A.2d at 403; *Ellison*, 135 N.H. at 7, 599 A.2d at 481. Several officers testified at trial to their participation in four individual controlled purchases of cocaine from the defendant. At trial, the defendant admitted that a large quantity of cocaine was found on his person when he was arrested. The record contains abundant evidence from which a jury rationally could infer guilt. *See*

*Killam*, 137 N.H. at 158, 626 A.2d at 403; *State v. Wisowaty*, 137 N.H. 298, 307-08, 627 A.2d 572, 578 (1993); *State v. Dustin*, 122 N.H. 544, 547, 446 A.2d 1186, 1188-89 (1982).

The challenged statement would not have supported the defendant's motion for a mistrial, and would not have supported a reversal of his conviction on appeal. Because this is so, the defendant has failed to demonstrate that his counsel's failure to preserve a record of his objection and the grounds for his objection for direct appeal constituted actual prejudice. *Killam*, 137 N.H. at 158, 626 A.2d at 403. Because the defendant has not demonstrated prejudice, we need not assess whether his trial counsel's performance was deficient, *id.*, and conclude that the defendant was not denied effective assistance of counsel, under the New Hampshire Constitution, at his trial. Because the defendant has failed to meet this prong of the State and federal constitutional standards, we need not address separately whether he meets the recent refinement of the federal test. *See Lockhart*, 113 S. Ct. at 844.

*Affirmed.*

All concurred.