Strafford
No. 94-328

## The State of New Hampshire

v.

## Sidney Henderson

March 7, 1997

*Jeffrey R. Howard,* attorney general (*John C. Kissinger,* assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices,* of Chichester (*Mark L. Sisti* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, Sidney Henderson, was convicted of robbery, a class A felony, in violation of RSA 636:1, III(c) (1996). The defendant moved for a new trial based on ineffective assistance of counsel; the Superior Court (*O'Neill,* J.) denied the motion. The issue presented on appeal is whether the defendant's right to effective assistance of counsel under the State and Federal Constitutions was violated when the defendant's trial counsel inadvertently submitted a jury instruction to the trial court that expanded the grand jury indictment in such a way as to negate the defense presented by the defendant at trial. We reverse and remand.

The following facts were developed at trial. On the evening of November 7, 1992, the defendant along with two friends, Brian Keefe and Jamie Jones, went to the home of Andrina Gonthier in Dover. They spent the evening socializing and consuming alcoholic

beverages and illegal drugs. In the early hours of the next morning, the defendant, Keefe, and Jones were driving around Dover in Keefe's automobile. The defendant and his companions observed the victim, Albert Davis, age seventy-six, walking. The defendant told Keefe to stop the vehicle. The three men then exited the automobile and proceeded toward the victim. The defendant was the first person to reach the victim, and his actions caused the victim to fall to the ground. The victim was then assaulted. The victim suffered serious injuries, including fractures of his nose, cheekbone, and pelvis. During the assault, the defendant took the victim's wallet and later divided the money in the wallet among himself, Keefe, and Jones.

The defendant was indicted for robbery in violation of RSA 636:1 (1996). According to RSA 636:1, III, robbery is a class B felony except in specific circumstances, when it is a class A felony. One of the circumstances in which robbery is a class A felony is if the defendant "[i]nflicted or attempted to inflict death or serious injury on the person of another." RSA 636:1, III(c). In this case, the indictment charged the defendant with a class A felony, alleging that the defendant

> did in the course of committing a theft, knowingly use physical force on the person of another and inflicted serious injury on the person of another . . . in that [the defendant] did, in the course of taking the wallet of Albert Davis . . . tackle said Albert Davis, throwing him to the ground and proceed to beat and kick said Albert Davis, causing injury to Albert Davis in the form of a fractured cheekbone, broken nose, and broken pelvis . . . .

At trial, the defendant did not contest the fact that he participated in the robbery. Rather, it was his defense that he had not caused the victim's serious injuries and, therefore, was guilty of class B robbery, not class A. The testimony at trial about who caused the victim's injuries was conflicting. The victim testified that, during the assault, he was held down by two people and kicked and punched by a third person. He was unable to identify the person responsible for the kicking and punching, however. Keefe and Jones also testified at trial. Both had reached plea agreements with the State before the defendant's trial. Keefe testified that the defendant pushed the victim down and punched him twice. Jones testified that he saw the defendant scuffling with the victim, but he did not see the defendant punch or kick the victim. The defendant testified in his own defense. He admitted that he had participated in the robbery, but denied that he had caused any of the victim's serious injuries. He said that he slipped as he approached the victim, knocking him down. He also

said that during the assault he "swung at" the victim, but only "grazed" the victim's head.

Since the defendant admittedly caused the victim to fall to the ground and took his wallet, he essentially conceded the elements of class B robbery. During trial, the court questioned the defendant about his defense strategy in a hearing outside the presence of the jury. The court asked the defendant if he understood that, if his defense was successful, he could be convicted of a lesser-included offense which did not require proof of serious bodily injury. The defendant indicated that he understood this, and that he was knowingly and voluntarily waiving his right to have his counsel argue for complete innocence.

At the close of evidence and before submission of the case to the jury, the defendant's trial counsel submitted "pattern" jury instructions to the trial court. These included an instruction that the defendant could be found guilty of class A robbery if he "inflicted or *attempted to inflict* serious injury on another person." (Emphasis added.) The jury found the defendant guilty of class A robbery.

Approximately three years after he was convicted, the defendant filed a motion for new trial on the basis of ineffective assistance of counsel. He claimed that his trial counsel's performance in submitting the jury instruction and failing to object to it was deficient because the instruction expanded the indictment and allowed the jury to convict him if it found that the defendant "attempted to" inflict serious injury. At a hearing on this motion, defendant's trial counsel, who is not appellate counsel, testified that his submission of the instruction with the "attempted to" language was inadvertent, and admitted that, under the circumstances, the submission was an "egregious" error.

The superior court denied the motion for a new trial. Although it found that trial counsel failed to exhibit a reasonable degree of competence in submitting the instruction, it concluded that the defendant had not shown "actual prejudice" as a result of his trial counsel's error. The superior court stated that the defendant was required to "establish that there is a reasonable probability that the jury convicted him based on the 'attempt' instruction but would not have convicted him had the instructions not included same." After summarizing the evidence at trial, the court stated that there was sufficient evidence for the jury to have found that the defendant caused serious injury to the victim and, therefore, found that the defendant had failed to prove with a reasonable degree of probability that the outcome of the trial would have been different.

On appeal, the defendant contends that he was not required to prove "actual prejudice" in this case because his trial counsel's

error was inherently prejudicial. Alternatively, he argues that the superior court erred in finding that he did not prove "actual prejudice."

■ The defendant's claim of ineffective assistance of counsel is based on part I, article 15 of the State Constitution and the fifth, sixth, and fourteenth amendments of the Federal Constitution. The State Constitution is at least as protective as the Federal Constitution in this area. *See State v. Sanchez*, 140 N.H. 162, 163, 663 A.2d 629, 630 (1995). For this reason, we address the defendant's claim under the State Constitution, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using federal precedents only as an aid in our analysis.

Under part I, article 15 of the State Constitution, a criminal defendant is entitled to reasonably competent assistance of counsel. *State v. Matiyosus*, 134 N.H. 686, 687, 597 A.2d 1068, 1069 (1991). To prevail on a claim of ineffective assistance of counsel, a defendant must show first, that counsel's performance was deficient, and second, that counsel's performance resulted in actual prejudice to the outcome of the defendant's case. *Sanchez*, 140 N.H. at 163, 663 A.2d at 630. With regard to the second element, the defendant must demonstrate that there is a reasonable probability that the result of the proceeding would have been different had he received competent legal representation. *See id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case." *State v. Wisowaty*, 137 N.H. 298, 302, 627 A.2d 572, 574 (1993) (quotation omitted); *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("Under our decisions, a criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (quotation omitted)).

There are limited circumstances in which prejudice is presumed. When trial counsel's error prevents the "meaningful adversarial testing" of the State's case, a defendant is not required to prove "actual prejudice." *See State v. Anaya*, 134 N.H. 346, 354, 592 A.2d 1142, 1147 (1991). Because we conclude that the defendant has established "actual prejudice," we need not decide whether trial counsel's error was so serious that prejudice must be presumed.

■ In determining whether the defendant has shown "actual prejudice," we focus ultimately on the fundamental fairness of the proceeding whose result is being challenged. *See Avery v. Cunningham, Warden*, 131 N.H. 138, 149, 551 A.2d 952, 958-59 (1988); *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984). The court hearing an ineffectiveness claim must consider the totality of

the evidence before the judge or jury. *See Avery*, 131 N.H. at 149, 551 A.2d at 958-59. We believe that, in this case, the superior court failed to recognize the devastating and unfair effect that trial counsel's error had on the outcome of the case.

As the superior court recognized in its order, the indictment in this case required the State to prove that the defendant actually caused serious injury to the victim. The defendant was entitled to rely on the indictment in preparing his defense to the charge. *See State v. Elliott*, 133 N.H. 759, 765, 585 A.2d 304, 307 (1990). Based on the indictment, the defendant presented the defense that he had not actually caused the victim's serious injuries and, therefore, could not be convicted of class A robbery. During his opening statement, defense counsel described the jury's task as follows: "The one question you must resolve in this particular case is whether or not Mr. Henderson in fact caused the broken cheekbone, the broken nose and the broken pelvis of Albert Davis." The defendant testified at trial in his own defense. He admitted that he participated in the robbery. With regard to the victim's injuries, the defendant said that he "swung at" the victim, but only "grazed" his head. He denied causing any of the victim's serious injuries. As the superior court stated in its order: "It is reasonable to conclude that defendant's trial strategy would have been different had the indictment allowed him to be convicted for an attempt to cause serious bodily injury."

In this context, the jury instruction submitted by trial counsel had two important effects. First, it expanded the grand jury indictment to include an "attempt to" inflict serious injury. This was extremely prejudicial because it permitted the defendant to be convicted based on a theory not alleged in the indictment. We recently recognized the unfairness caused by such an error in *State v. Prevost*, 141 N.H. 559, 689 A.2d 121 (1997). In *Prevost*, we ruled that a jury instruction that included an instruction on an alternative element of an offense which was not part of the indictment was grounds for automatic reversal. *Id.* at 560, 689 A.2d at 122.

The second effect of the instruction was equally serious. When the defendant testified, his admission that he "swung at" the victim had no legal significance. The language of the jury instruction, which included language on attempt, rendered the defendant's trial testimony nothing less than an admission of guilt to class A robbery. While this case differs significantly from *State v. Anaya*, in which defense counsel urged the jury to convict the defendant of a lesser-included offense without the defendant's permission, *see Anaya*, 134 N.H. at 353-54, 592 A.2d at 1146-47, it is similar in an

important way. Defense counsel essentially conceded that the defendant had committed a crime — in this case, class A robbery — without authority from the defendant. As we stated in *Anaya*: "[T]he decision to admit such guilt should remain inviolably personal to the defendant." *Id.* at 353, 592 A.2d at 1146.

Although the State does not contest the finding that trial counsel's performance was not reasonably competent, it contends that the defendant failed to prove "actual prejudice." The State argues that the defendant was not prejudiced by the jury instruction because the question whether the defendant "attempted to" inflict serious injury was not an issue at trial. The State is correct that the defendant did not argue at trial that he did not attempt to inflict serious injury. Because the indictment did not include an allegation that the defendant attempted to inflict serious injury, it was not necessary for the defendant to present a defense to such an allegation. As discussed above, the defendant was entitled to rely upon allegations made in the indictment.

The State also challenges the defendant's contention that he may have been convicted based on the "attempted to" language in the instruction. It argues that there was no evidentiary basis for the jury to conclude that the defendant "attempted to" inflict serious injury. We disagree. The defendant himself testified that he "swung at" the victim's head but only "grazed" it. Although the superior court denied the defendant's motion for a new trial, it appeared to recognize that the defendant may have been convicted based on the "attempted to" language.

We conclude that trial counsel's error in this case affected the fundamental fairness of the trial in such a way as to undermine our confidence in the reliability of the jury verdict. Accordingly, we find that the defendant met his burden of establishing "actual prejudice." For this reason, we hold that the superior court erred in denying the defendant's motion for new trial based on ineffective assistance of counsel.

Because of our resolution of this issue, it is not necessary to address the defendant's remaining arguments.

*Reversed and remanded.*

All concurred.