Pratt v. NH State Prison Warden          CV-98-585-M    05/04/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

James Pratt,
      Petitioner

      v.                                    Civil No. 98-585-M
                                            Opinion No. 2000 DNH 105
Michael J. Cunningham, Warden,
New Hampshire State Prison,
      Respondent

**O R D E R**

Pro se petitioner, James Pratt, brought this action seeking

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pratt, a

convicted sexual offender, alleges that the State violated the

terms of his plea agreement and, as a result, he is being

imprisoned beyond the proper term of his sentence.  Specifically,

he says that under the terms of his plea agreement and sentence,

he is entitled to receive six months off his term of

incarceration upon successful completion of the prison's sexual

offender program.  He has, however, been denied admission to that

program.  Consequently, he claims that he is being held

unlawfully.  Viewed somewhat differently, he says that because he

is unlikely to be paroled until he successfully completes the sexual offender program, his criminal sentence of three and one-half to sevens years of imprisonment has, in effect, been unlawfully modified to a term of seven years.

## Background

Pratt pled guilty to one count of aggravated felonious sexual assault and two counts of felonious sexual assault. The state court sentenced him to a term of imprisonment of three and one-half to seven years at the New Hampshire State Prison. The court also recommended that Pratt participate in the prison's sexual offender program, and provided that if he successfully completed the program, he would receive six months off his minimum sentence (thereby making him eligible for parole at an earlier date).

In order to participate in the sexual offender program, an inmate must, among other things, freely and openly accept responsibility for the sexual misconduct underlying his or her

2

convictions. Because Pratt refuses to accept responsibility for the conduct underlying two of the counts to which he pled guilty, he has been denied admission to the program. And, generally speaking, parole is rarely granted to a sexual offender if he or she has not successfully completed that program. Consequently, if petitioner continues to deny the underlying conduct that gave rise to two of his convictions, Pratt will not be admitted to the sexual offender program, is unlikely to be recommended for parole, and, as a consequence, will probably be required to serve the full seven years of his sentence.

## Discussion

That Pratt will likely not be paroled until he completes the sexual offender program, and that he has been denied access to that program because he refuses to meet its entrance requirements – acceptance of responsibility for his underlying sexual misconduct – do not implicate constitutional concerns. Both this court and the New Hampshire Supreme Court have addressed this issue on several occasions. The reasoning underlying the

3

holdings in those opinions need not be recounted again. <u>See</u>
<u>Wellington v. Brodeur</u>, No. 96-189-M (D.N.H. Dec. 30, 1996);
<u>Knowles v. Cunningham</u>, No. 96-228-JD (D.N.H. Jan. 24, 1997);
<u>Wellington v. Commissioner</u>, 140 N.H. 399 (1995); <u>Knowles v.</u>
<u>Warden, N.H. State Prison</u>, 140 N.H. 387 (1995).

It is sufficient to note that an inmate has no
constitutionally protected liberty interest in parole. Nor does
the prison violate his or her Fifth Amendment rights by
conditioning admission to a voluntary sexual offender treatment
program upon the inmate's acceptance of responsibility for the
sexual misconduct underlying his or her conviction(s).
Consequently, Pratt has failed to demonstrate that "he is in
custody in violation of the Constitution or laws or treaties of
the United States." 28 U.S.C. § 2254. Defendant's motion for
summary judgment (document no. 12) is, therefore, granted. The
Clerk of the court shall enter judgment in accordance with the
terms of this order and close the case.

4

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 4, 2000

cc:  James E. Pratt
     Malinda R. Lawrence, Esq.