Hillsborough-southern judicial district
Nos. 99-102
99-648

## THE STATE OF NEW HAMPSHIRE

### v.

## ROBERT WALTON

April 18, 2001

*Philip T. McLaughlin*, attorney general (*Simon R. Brown*, assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Chichester (*Jonathan R. Saxe* on the brief, and *Paul Twomey* orally), for the defendant.

BRODERICK, J. After a jury trial in Superior Court (*Dalianis*, J.), the defendant, Robert Walton, was found guilty of aggravated felonious sexual assault. *See* RSA 632-A:2 (1996). On appeal, he seeks reversal of his conviction based upon ineffective assistance of counsel and prosecutorial misconduct. We affirm.

The following facts were adduced at trial. The defendant and his girlfriend, Pauline McCreary, lived next door to the victim. The defendant had a hot tub on his property and the victim frequently used it with them. Often, all three bathed in the nude. During one such occasion in July 1996, the victim and McCreary consumed vodka drinks while sitting in the hot tub with the defendant. While imbibing her third drink, the victim suddenly could not keep her eyes open, speak, move or "do one single thing." With the exception of four short interludes, when she was able to hear and feel, the victim was essentially unconscious.

Based upon those four short periods of lucidity, the victim recalled that, at one point, McCreary was positioned behind her and the defendant was in front of her. The defendant held her buttocks up to the water's surface and blew bubbles around and in between her legs. She also recalled that the defendant placed his tongue inside her vagina. She did not remember getting out of the hot tub that evening, but she did remember being "tossed" on a leather couch in the defendant's house.

When the victim awoke the next morning, she gathered her clothes and went home. Later, she discovered that her tampon was abnormally positioned deep inside her and that she had bruises on her arms, buttocks and shins. Upon discovering her condition, she became convinced that something happened to her the previous evening at the defendant's home. She immediately returned there and confronted both the defendant and McCreary. The defendant denied responsibility but McCreary said, "I did it." After the confrontation, the victim began to recall the events of the night before. The following evening, she went to the hospital for treatment, and the hospital staff reported the incident to the police.

A State Trooper interviewed the defendant about the report. At trial, the officer testified that the defendant was nervous and uncomfortable during the interview and that some of his answers were "very evasive." The defendant did acknowledge, however, that he supported the victim behind her shoulders to keep her above water when she became unconscious. The officer also testified that, according to the defendant, McCreary touched the victim's vaginal area allegedly looking for tampon strings, but that he did nothing wrong. The officer also testified that the defendant told her,

"[T]here was nothing wrong with what we did; it was consensual; we were nonintrusive; it was palsey-walsey, lovey-dovey; and [the victim] initiated everything."

The emergency room nurse and doctor, who examined the victim, both testified that the victim recalled the defendant performing oral sex on her while she was being held by McCreary. The jury returned a guilty verdict. The defendant moved to vacate his conviction, claiming ineffective assistance of counsel. His motion was denied, and he appealed both his conviction and the denial of his motion to vacate. We consolidated the appeals. On appeal, the defendant argues that the court erred in (1) denying his motion to vacate his conviction and sentence based on a claim of ineffective assistance of counsel, and (2) allowing the State to argue facts not introduced into evidence.

I

The defendant contends that his conviction should have been vacated due to ineffective assistance of counsel because his attorney did not challenge the sufficiency of the State's evidence by filing a motion to dismiss. We first address this claim under the State Constitution employing federal cases only to aid in our analysis. *See State v. Ball*, 124 N.H. 226, 231 (1983). Because the State Constitution is at least as protective as the Federal Constitution in this area, we need not make a separate federal analysis. *See State v. Sanchez*, 140 N.H. 162, 163 (1995).

The State and Federal Constitutions guarantee a criminal defendant reasonably competent assistance of counsel. *See State v. Croft*, 145 N.H. 90, 91 (2000). A successful claim of ineffective assistance of counsel must demonstrate "that counsel's representation was constitutionally deficient and actually prejudiced the outcome of the case." *Id.* The level of actual prejudice must be such "that there is a reasonable probability that . . . the result of the proceeding would have been different. . . . If the defendant is unable to demonstrate such prejudice, we need not even decide whether counsel's performance was deficient." *Sanchez*, 140 N.H. at 163 (quotations and brackets omitted).

██ A review of the record reveals that trial counsel's failure to challenge the sufficiency of the evidence caused no actual prejudice to the defendant; thus we do not reach whether counsel's representation was deficient. *See id.* In "a sufficiency of the evidence claim, we view the evidence presented at trial, and all reasonable inferences drawn therefrom, in the light most favorable to the State, and

uphold the jury's verdict unless no rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Graham*, 142 N.H. 357, 360 (1997) (citation omitted). The testimony of a victim in a sexual assault prosecution need not be corroborated by other testimony or evidence. *See* RSA 632-A:6, I (1996). Although the victim in this case was conscious for only brief interludes, her testimony alone, if accepted, would have allowed a rational finder of fact to conclude beyond a reasonable doubt that the defendant was guilty of aggravated felonious sexual assault. *See Graham*, 142 N.H. at 360. The testimony of the trooper, the nurse and the doctor corroborated the victim's testimony and thus further supports the conclusion that a rational jury could have found the defendant guilty beyond a reasonable doubt. Accordingly, there is no reasonable probability that a motion to dismiss challenging the sufficiency of the evidence would have been granted and, therefore, the defendant has failed to demonstrate actual prejudice.

## II

The defendant next contends that the State argued facts not in evidence. During her closing, the prosecutor argued that the victim's bruises were consistent with being dragged by the shoulders from the hot tub to the defendant's couch. The defendant objected on the grounds that no evidence had been offered to support this argument. The objection was overruled.

The State may comment on evidence already before the jury. *See State v. Merritt*, 143 N.H. 714, 721 (1999). It is well established that "[a] prosecutor may draw reasonable inferences from the facts proven and has great latitude in closing argument to both summarize and discuss the evidence presented to the jury and to urge [them] to draw inferences of guilt from the evidence." *State v. Sylvia*, 136 N.H. 428, 431 (1992) (quotation and citation omitted).

In this case, evidence was admitted that the defendant and McCreary "assisted" the victim into the house. Further, evidence was admitted that the victim was unconscious or near unconscious, unable to move and "thrown" onto the defendant's couch. Finally, photographs of the victim's bruises were shown to the jury. Inviting the jury to infer that the defendant dragged the victim from the hot tub to the couch was not unreasonable given that the victim testified that she was unable to move and the defendant admittedly "assisted" her inside. Further, the photographs of her bruises supported the reasonable inference that they were caused by her being dragged, as opposed to the defendant's statements to the investi-

gating officer that the victim "jumped" out of the hot tub while unconscious. Accordingly, we hold that the prosecutor's argument constituted a reasonable inference based upon the facts in evidence, and thus was not improper. *See Merritt*, 143 N.H. at 721.

The State filed an objection to an oral motion to expand the scope of this appeal issue allegedly made by the defendant's counsel at oral argument. No such motion was made during oral argument and thus the State's objection is moot.

*Affirmed.*

HORTON, J., sat for oral argument but retired prior to the final vote; NADEAU, J., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.