Laconia District Court
No. 2006-085

THE STATE OF NEW HAMPSHIRE

v.

BRIAN SHARKEY

Submitted on Briefs: May 23, 2007
Opinion Issued: July 13, 2007

*Kelly A. Ayotte*, attorney general (*Ann M. Rice*, associate attorney general, on the memorandum of law), for the State.

*Law Office of Mark Stevens*, of Salem (*Mark Stevens* on the brief), for the defendant.

GALWAY, J. The defendant, Brian Sharkey, appeals an order of the Laconia District Court (*Huot*, J.) denying his motion to withdraw a guilty plea and vacate his conviction due to ineffective assistance of counsel. We reverse and remand.

The following facts are undisputed by the parties. In August 2004, the defendant pled guilty to, and was convicted of, driving under the influence of alcohol in violation of RSA 265:82 (2004). The defendant was represented by counsel during this plea. The trial court sentenced him to a $350 fine, plus a penalty assessment, and a nine-month revocation of his non-resident driving privileges, six months of which could be suspended upon enrollment in an impaired driver intervention program.

In December 2005, the defendant filed a post-conviction motion to withdraw his guilty plea and vacate his conviction based upon the ineffective assistance of trial counsel. In support of his motion, he submitted an affidavit that recited the following: The defendant had a Massachusetts driver's license when he pled guilty and he informed his trial counsel that he had four prior convictions in Massachusetts for operating a vehicle under the influence of alcohol. He asked his counsel what effect a conviction in the pending New Hampshire case would have upon his Massachusetts driver's license. His counsel told him that Massachusetts would suspend his license for the same period of time as New Hampshire and advised him to plead guilty. Once the Massachusetts Registry of Motor Vehicles received notice that the defendant was convicted of driving while intoxicated in New Hampshire, however, the Massachusetts authorities revoked his Massachusetts driver's license

indefinitely, pursuant to a Massachusetts statute that required the lifetime revocation of a person's license who is convicted of driving under the influence five or more times. *See* Mass. Gen. Laws Ann. ch. 90 § 24(c)(3 ¾) (Supp. 2007). The defendant would not have pled guilty to the New Hampshire charge had he known that it would result in the permanent revocation of his Massachusetts driver's license.

Although the State did not oppose the defendant's motion, the trial court denied it without a hearing, ruling: "the fact defendant was [m]isinformed concerning collateral consequences [o]f a plea does not vitiate his conviction."

On appeal, the defendant argues that his trial counsel provided him with ineffective assistance in violation of Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution and, accordingly, the trial court's denial of his motion should be reversed and the case should be remanded for trial. The State agrees with the defendant that the trial court's order should be reversed and argues that the matter should be remanded for an evidentiary hearing on the defendant's claim of ineffective assistance of counsel. Both parties agree that the license revocation penalty imposed by Massachusetts is a collateral consequence of the defendant's guilty plea, which is in accord with our definition of "collateral consequence." *See State v. Elliott*, 133 N.H. 190, 192 (1990).

When a defendant moves to withdraw a prior guilty plea, he has the burden to prove that his earlier plea was not made voluntarily and that withdrawal of the plea must be allowed to correct a manifest injustice. *State v. LaForest*, 140 N.H. 286, 289 (1995). It is within the trial court's discretion to grant the withdrawal of a guilty plea, and the court is not required to believe the defendant's statements. *Id.* We will not set aside a trial court's findings unless the trial court committed an unsustainable exercise of discretion. *Id.*; *see State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining "unsustainable exercise of discretion").

We first address the defendant's claim of ineffective assistance of counsel under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only. *Id.* at 232-33. Because we conclude that the defendant prevails under the State Constitution, we need not undertake a separate federal analysis. *Id.* at 237.

The State and Federal Constitutions guarantee a criminal defendant reasonably competent assistance of counsel. *State v. Kepple*, 155 N.H. 267, 269 (2007). To successfully assert a claim for ineffective assistance of counsel, a defendant must show, first, that counsel's representation was constitutionally deficient and, second, that counsel's

deficient performance actually prejudiced the outcome of the case. *Id.* at 269-70. To meet the first prong of the test, a defendant must show that counsel made such egregious errors that he or she failed to function as the counsel that the State Constitution guarantees. *Id.* at 270. Broad discretion is afforded trial counsel in determining trial strategy, and the defendant must overcome the presumption that counsel's trial strategy was reasonably adopted. *Id.* To meet the second prong, a defendant must demonstrate actual prejudice by showing that there is a reasonable probability that the result of the proceeding would have been different had competent legal representation been provided. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case. *Id.* In the context of a guilty plea, the prejudice prong requires the defendant to show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted upon going to trial. *Wellington v. Comm'r, Dept. of Corrections,* 140 N.H. 399, 401 (1995).

As to the first prong, the defendant's affidavit alleges that he notified his counsel that he had four prior convictions in Massachusetts for driving under the influence of alcohol. It also alleges that he directly asked his counsel what ramifications a conviction of the same offense in New Hampshire would have on his Massachusetts license. The affidavit alleges that the defendant's counsel erroneously told him that Massachusetts would suspend his license for the same period of time as New Hampshire, a maximum of nine months, and advised him to plead guilty. The defendant's guilty plea resulted in a permanent loss of his Massachusetts driver's license. Thus, the issue that we must address is whether the defendant's counsel failed to provide the constitutionally guaranteed level of assistance by erroneously advising the defendant regarding a collateral consequence of his guilty plea.

Although we have held that an attorney's assistance will not be constitutionally ineffective if he fails to inform his client of the consequences of a probation violation, which is a collateral consequence of a guilty plea, *see Wellington,* 140 N.H. at 401, we have not yet addressed the issue now before us, in which counsel allegedly affirmatively misinforms a client about collateral consequences. The federal courts, however, have. The Fourth Circuit Court of Appeals first addressed such a circumstance in *Strader v. Garrison,* 611 F.2d 61, 65 (4th Cir. 1979), which held that a defendant's parole eligibility dates are collateral consequences of which counsel need not inform him; however, if counsel "grossly misinform[s]" the defendant regarding parole eligibility, and that erroneous information induces the defendant to plead guilty, the defendant is deprived of the effective assistance of counsel. Since *Strader,* other

circuits have held that gross misinformation concerning parole eligibility may amount to ineffective assistance of counsel if the defendant based his decision to plead guilty upon that advice. *Beavers v. Saffle*, 216 F.3d 918, 925 (10th Cir. 2000); *Meyers v. Gillis*, 142 F.3d 664, 666-68 (3d Cir. 1998); *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989); *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988); *see also Garmon v. Lockhart*, 938 F.2d 120, 121 (8th. Cir 1991) (holding that simply "erroneous advice" concerning parole eligibility may constitute ineffective assistance of counsel). The Second and Ninth Circuits have ruled that "affirmative misrepresentations" by counsel regarding deportation consequences that are collateral to a guilty plea may constitute ineffective assistance of counsel. *United States v. Kwan*, 407 F.3d 1005, 1015-17 (9th Cir. 2005); *United States v. Couto*, 311 F.3d 179, 188 (2d Cir. 2002). The Fourth Circuit has applied this rule to encompass gross misrepresentations of collateral consequences, in general. *Ostrander v. Green*, 46 F.3d 347, 355 (4th Cir. 1995), *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1996) (en banc).

Similar to our holding in *Wellington*, federal circuit courts have also held that counsel's failure to inform the defendant of consequences that are collateral to his guilty plea will not render counsel's assistance ineffective. *Broomes v. Ashcroft*, 358 F.3d 1251, 1256 (10th Cir.), *cert. denied*, 543 U.S. 1034 (2004); *Couto*, 311 F.3d at 187; *Ostrander*, 46 F.3d at 355; *Santos v. Kolb*, 880 F.2d 941, 943-44 (7th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). Thus, federal circuits have, at least implicitly, drawn a line between an attorney's failure to inform a client of the collateral consequences of pleading guilty and an attorney's grossly misadvising the client regarding such collateral consequences. The Fourth Circuit has expressly stated this delineation: "Ordinarily, an attorney need not advise his client of the myriad 'collateral consequences' of pleading guilty. However, where the client asks for advice about a 'collateral consequence' and relies upon it in deciding whether to plead guilty, the attorney must not grossly misinform his client about the law." *Ostrander*, 46 F.3d at 355 (citation omitted); *see also Holmes*, 876 F.2d at 1552 n.8 (adopting the Fourth Circuit's reasoning from *Strader* that failure to inform is distinguishable from misinformation). The First Circuit has alluded to this distinction, but has not directly ruled upon it. *Cepulonis v. Ponte*, 699 F.2d 573, 577 (1st Cir. 1983) (stating, "*misinformation* may be more vulnerable to constitutional challenge than mere lack of information," but concluding that the defendant's guilty plea was knowing and voluntary).

■ We find the holdings of the Fourth Circuit persuasive and in accord with our jurisprudence. Accordingly, we hold that defense counsel will fail

to supply the effective assistance of counsel guaranteed by Part I, Article 15 of the New Hampshire Constitution if counsel grossly misinforms a criminal defendant client about the collateral consequences of pleading guilty, the defendant relies upon that advice in deciding to plead guilty, and there is a reasonable probability that the defendant would not have pled guilty but for that erroneous advice. *Accord, Pettis v. State*, 212 S.W.3d 189, 194 (Mo. Ct. App. 2007); *Rollins v. State*, 591 S.E.2d 796, 798 (Ga. 2004); *Saadiq v. State*, 387 N.W.2d 315, 324 (Iowa), *appeal dismissed*, 479 U.S. 878 (1986).

■ Having adopted this standard, we must define "gross misinformation." Although numerous federal courts have used the "gross misinformation" standard, there has been no conclusive definition of the term. In *Hill v. Lockhart*, 731 F.2d 568, 571 n.4 (8th Cir. 1984), *aff'd*, 764 F.2d 1279 (8th Cir.) (en banc), *aff'd*, 474 U.S. 52 (1985), the Eighth Circuit referenced two prior decisions involving parole eligibility, stating, "*Strader* and *O'Tuel* do not define 'gross misinformation,' but as is evident involve major miscalculations in the years." In *Strader*, defense counsel told the defendant that he would be eligible for parole in one and one-fourth years; however, based upon his alleged crimes, department of corrections regulations required him to serve eight and three-fourths years before becoming eligible. *Strader*, 611 F.2d at 63. In *O'Tuel*, counsel told the defendant that he would be eligible for parole after serving ten years, when the law made clear that he would only be eligible after serving twenty. *O'Tuel v. Osborne*, 706 F.2d 498, 499 (4th Cir. 1983). In contrast, the Eighth Circuit in *Hill* held that the misinformation received by the defendant was not "gross misinformation." *Hill*, 731 F.2d at 571. In *Hill*, the defendant claimed that he pled guilty based upon the understanding that he would have to serve only one-third of his forty-five-year sentence (fifteen years), rather than the one-half (twenty-two-and-a-half years) that he actually had to serve because he was a second offender. *Id.* at 569. Thus, the Eighth Circuit used the above examples and the phrase "major miscalculation" to define "gross misinformation" as information that creates an objectively significant discrepancy between what the defendant was told his collateral consequences would be and what they actually became. We adopt that definition, which is in line with our requirement that an attorney must make an "egregious error" to satisfy the first prong of the test for ineffective assistance of counsel.

■ In the instant case, the defendant alleges that his counsel told him that he would lose his Massachusetts license for nine months, but the Massachusetts authorities revoked his license permanently. If this allegation were true, such a result would constitute gross misinformation.

Thus, the trial court unsustainably exercised its discretion by erroneously ruling that, even if defense counsel misinformed the defendant regarding the collateral consequences of his plea, such misinformation did not vitiate the conviction. Accordingly, we reverse the trial court's ruling and remand this case for an evidentiary hearing on whether the defendant's plea counsel grossly misinformed him regarding the collateral consequences of his guilty plea and, if so, whether there is a reasonable probability that the defendant would not have pled guilty but for that erroneous information.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.