Rockingham
No. 92-333

THE STATE OF NEW HAMPSHIRE

v.

DONALD F. DEMMONS, JR.

November 30, 1993

*Jeffrey R. Howard*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief and orally), for the State.

*Albert E. Scherr*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   The defendant, Donald F. Demmons, Jr., appeals his convictions for felonious sexual assaults. He contends that the Superior Court's (*Gray*, J.) jury instruction on transferred intent improperly amended the indictment. The defendant further contends that the jury instruction surprised him, prejudiced his defense, and violated his constitutional right to a fair trial. We affirm.

The two indictments against the defendant alleged, respectively: that "he purposely engaged in sexual penetration, in the form of anal intercourse, with E.D.," who was not his legal spouse and who was thirteen years old when the incident occurred, *see* RSA 632-A:3 (1986); and that "he purposely engaged in sexual penetration, in the form of sexual intercourse, with E.D." The defendant had socialized on several occasions with E.D.'s mother and stepfather, and E.D. was very familiar with him.

On June 22, 1991, E.D., her parents, and the defendant attended an outing at Pawtuckaway State Park. While the defendant and E.D. were alone fishing, the defendant asked E.D. to "make mad passionate love" with him. She refused. Thereafter, the defendant sexually assaulted E.D. According to E.D.'s testimony, she felt the defendant's penis penetrate her anus and his repeated pressing of himself against her body, despite her protestations. On cross-examination, E.D. testified that she told the police that the defendant put his penis in her vagina a little bit, but she did not remember telling either the doctor or the nurse at Exeter Hospital about vaginal penetration. The defendant admitted to the Nottingham police that he had engaged in partial penetration, and he was subsequently indicted for two counts of felonious sexual assault.

In closing arguments at trial, the defendant's counsel stated that the defendant did not have the purpose to engage in anal intercourse with E.D., only sexual intercourse, and that the act of anal penetration was accidental. The trial judge instructed the jury as follows:

> If you find purposeful penetration, it doesn't make any difference what was penetrated. You must, however, find that

he acted purposely and that he penetrated. As I say, if you find a purposeful penetration, it makes no difference what was penetrated. *However, that does not relieve the State from the burden of proof of purposeful penetration of the vagina and purposeful penetration of the anus.* If, however—and again I'm not suggesting that you do or that you don't, either way—if you find that he intended to purposely penetrate one area and with that purpose accidentally penetrated another area, you may find that element of the offense has been established."

(Emphasis added.) The jury found the defendant guilty on both counts. The defendant was sentenced to maximum terms on each charge, to run consecutively.

The defendant appeals, arguing that the jury instruction on transferred intent impermissibly amended the indictments, allowing the jury to convict him on both counts even if he intended to engage only in vaginal intercourse. The defendant contends that the indictments alleged distinct acts requiring proof of separate intents. Relying on our holding in *State v. Erickson*, 129 N.H. 515, 533 A.2d 23 (1987), that an allegation in an indictment which specifies a statutorily defined variant of a material element of the crime effectively circumscribes the scope of the charge, the defendant characterizes as an "amendment" of the anal intercourse indictment the instruction on transferred intent. He argues that the "amendment" surprised him and prejudiced his defense. *See State v. Elliott*, 133 N.H. 759, 765, 585 A.2d, 304, 307 (1990); *State v. Johnson*, 130 N.H. 578, 586, 547 A.2d 213, 218 (1988); *State v. Fennelly*, 123 N.H. 378, 388, 461 A.2d 1090, 1095 (1983). We disagree.

■ The trial judge's instruction explicitly stated that the State had "the burden of proof of purposeful penetration of the vagina and purposeful penetration of the anus." Therefore, no broadening of the indictment was effected. The State was not required to prove that the defendant intended a specific form of penetration, but only that the defendant had the culpable mental state to engage in sexual penetration, and that the two acts stated in the indictments (anal intercourse and vaginal intercourse) had occurred.

■ *Erickson* is distinguishable from the case at hand. The indictments in *Erickson* charged theft by deception, for which the accompanying *mens rea*, a purpose to deprive, has statutorily defined variants. *See* RSA 637:2, III (1986). Since the trial court's jury in-

struction on the crime charged included statutory variants that had not been alleged in the indictment, the defendant in *Erickson* could have been convicted on a charge which the grand jury never made against her. *See Erickson*, 129 N.H. at 520, 533 A.2d at 25. Where there is an element of the offense that is defined by statutory variants, and the indictment expresses a specific variant, then the State is bound by the allegation made in the indictment. *See id.* Here, by analogy to *Erickson*, it is the *actus reus*, rather than the *mens rea*, that is defined by statutory variants; sexual penetration can be committed in any of five ways. *See* RSA 632-A:1, V. The State, having charged the defendant with committing this act in two specific statutorily defined ways, thereby circumscribing the scope of the charge, was bound to prove the penetration alleged. *See Erickson*, 129 N.H. at 520, 533 A.2d at 25.

The statutory variants, however, are not themselves material elements of the offense. *See id.* Because culpability applies only to material elements, RSA 626:2 (1986), purposefulness is required with respect to the act of sexual penetration alone, and is not carried over to the separate variants, *i.e.*, sexual intercourse and anal intercourse in this case. Thus, the transferred intent instruction did not serve to amend the indictments.

The defendant's claim of unfair surprise and prejudice due to the jury instruction on transferred intent is unfounded because there was no constructive amendment of the indictments. *See Elliott*, 133 N.H. at 765, 585 A.2d at 307.

*Affirmed.*

All concurred.