Hillsborough-northern judicial district
No. 95-676

## THE STATE OF NEW HAMPSHIRE

### v.

### DAVID PREVOST

January 23, 1997

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

JOHNSON, J. The defendant, David Prevost, appeals his conviction for armed robbery, *see* RSA 636:1, III (1996), on the basis that the

Superior Court (*Barry, J.*) impermissibly amended the underlying indictment. We reverse and remand.

The defendant was indicted for the armed robbery of Sully's Superette in Manchester. Armed robbery, a class A felony, is defined by statute as robbery, a class B felony, where the defendant additionally: "(a) Was actually armed with a deadly weapon; or (b) Reasonably appeared to the victim to be armed with a deadly weapon; or (c) Inflicted or attempted to inflict death or serious injury on the person of another." RSA 636:1, III. The underlying indictment in this case charged that the defendant, "in the course of committing a theft, . . . purposely put [the victim] in fear of the immediate use of physical force by pointing a black colored revolver (a firearm) at him." At trial, the judge informed counsel that he intended to instruct the jury that the State must prove *either* that "the defendant was actually armed with a deadly weapon or that the defendant reasonably appeared to the victim to be armed with a deadly weapon." Defense counsel objected on the basis that by giving the proposed instruction, the trial judge would be improperly amending the indictment. *See* RSA 601:8 (1986). The trial judge rejected counsel's argument and gave the proposed instruction. The defendant was convicted of armed robbery, and this appeal followed.

■ It is well-settled that a trial judge cannot freely amend indictments brought on the oath of a grand jury. *State v. Erickson,* 129 N.H. 515, 519, 533 A.2d 23, 25 (1987). Courts are allowed to amend indictments in form, but not substance, *id.,* since "such amendments [of form] do not jeopardize the right to be tried only on charges that have been passed on by a grand jury." *State v. Elliott,* 133 N.H. 759, 764, 585 A.2d 304, 307 (1990) (quotations omitted); *see* RSA 601:1 (Supp. 1996). "An impermissible amendment . . . would be one that effects a change in the offense charged, or adds an offense. Because an element of the offense charged is automatically considered part of the substance of an indictment," *Elliott,* 133 N.H. at 764, 585 A.2d at 307 (quotations, brackets and ellipses omitted), instructing the jury on an element not charged by the grand jury substantively changes the offense and therefore is grounds for automatic reversal. *See id.*

The defendant argues that by instructing the jury that the crime of armed robbery includes instances where the defendant reasonably appeared to be armed, the court impermissibly amended the substance of the indictment by adding an alternative element of the offense as defined in paragraph (b) of RSA 636:1, III to an indictment which encompassed only the element included in paragraph (a). The State replies that paragraphs (a) and (b) do not

delineate elements of the offense, but rather together form alternative variants comprising the material element that distinguishes armed robbery from the lesser offense of robbery.

■ It is true that statutory variants of a material element are not themselves material elements of an offense. *State v. Demmons,* 137 N.H. 716, 719, 634 A.2d 998, 1000 (1993). Subparagraphs (a) through (c), however, are each "essential elements" of the class A felony of armed robbery, *State v. Shannon,* 125 N.H. 653, 664-65, 484 A.2d 1164, 1173 (1984), at least one of which must be specifically set forth in an indictment. *Id.* at 665, 484 A.2d at 1173; *compare State v. Cote,* 126 N.H. 514, 519-20, 493 A.2d 1170, 1174 (1985) (statutory variants of element "purpose to deprive" need not be specifically alleged in indictment) *with Shannon,* 125 N.H. at 665, 484 A.2d at 1173 (elements in RSA 636:1, III must be specified in indictment). We note that while an indictment merely charging "armed robbery" would not have been sufficient, the grand jury could have returned indictments alleging in the alternative the distinct elements set forth in RSA 636:1, III. *See Shannon,* 125 N.H. at 665, 484 A.2d at 1173. It did not do so, however. Accordingly, by instructing the jury on an alternative element of the offense that was not part of the underlying indictment, the trial judge impermissibly amended the substance of that indictment and thereby committed reversible error. *See Elliott,* 133 N.H. at 764, 585 A.2d at 307.

■ The State further argues that the indictment was ambiguous, and reasonably encompassed both paragraphs (a) and (b) of RSA 636:1, III, allowing the trial court to instruct on both elements. We disagree. The charge that the defendant purposely pointed "a black colored revolver (a *firearm*) at [the victim]" (emphasis added) unambiguously refers to the element of "actually armed with a deadly weapon." RSA 636:1, III(a). There is no indication from the face of the indictment that the grand jury intended to specify or encompass anything other than that an actual weapon was pointed at the victim. While jury instructions need not parrot the exact wording of the underlying indictment, *cf. State v. Hutchinson,* 137 N.H. 591, 593, 631 A.2d 523, 524 (1993), a plain reading of the indictment persuades us that only the "actually armed" element was specified. Therefore, the trial court was precluded from issuing an instruction that included elements omitted from the indictment. *See Elliott,* 133 N.H. at 764, 585 A.2d at 307.

Because the trial judge's instructions impermissibly expanded the offense charged in the indictment, we reverse and remand. We need not address the State's argument that reversal requires a showing

of prejudice by the defendant since changes to an element of an offense require automatic reversal. *Id.*

*Reversed and remanded.*

All concurred.