Grafton
No. 98-450

THE STATE OF NEW HAMPSHIRE

v.

CHARLES GLANVILLE

December 28, 2000

*Philip T. McLaughlin*, attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Charles Glanville, was convicted after a jury trial in Superior Court (*Lynn*, J.) of attempted armed robbery. *See* RSA 629:1 (1996) (amended 1999); RSA 636:1 (1996). On appeal, he argues that the trial court erred by improperly amending his indictment, and by denying his motion to suppress evidence. We reverse and remand.

The defendant was charged with attempted armed robbery. The indictment alleged that the defendant

[p]urposely, in the course of attempting to commit a theft, entered the Bank of New Hampshire building on Main

Street, Littleton, New Hampshire armed with a "BB gun, [*sic*] which reasonably appeared to be a deadly weapon, as well as a note saying, "Give me all your money or I'll shoot", while wearing a mask which obscured his face, which note was intended to threaten another with the imminent use of physical force, all of which, under the circumstances as the defendant believed them to be, was an act or omission constituting a substantial step toward the commission of the crime of robbery.

Prior to trial, the defendant moved to strike from the indictment the language, "armed with a BB gun, which reasonably appeared to be a deadly weapon," arguing that under RSA 636:1, III, the State was required to prove that the defendant was actually armed with a deadly weapon. The State moved to amend that language to read, "armed with a BB gun, so that he would reasonably appear to the victim to be armed with a deadly weapon." The superior court denied the motion to amend, reasoning that it "could be argued [that the amendment was] more than a matter of form." The court ruled that as originally drafted, the indictment sufficiently charged the defendant with the class A felony of attempted armed robbery. The court concluded that to prevail at trial, the State would be required to prove:

(1) that the defendant had the specific intent or conscious object to (a) commit a theft from the bank, (b) by threatening another person with fear of immediate physical force, (c) through use of a BB gun that the other person would reasonably believe was a deadly weapon, and (2) that the defendant engaged in conduct which constituted a substantial step toward the effectuation of this plan.

The trial court's jury charge accorded with this instruction. The defendant was convicted of attempted armed robbery, and this appeal followed.

The defendant argues that the trial court constructively amended the indictment. Although the trial court denied the State's motion to amend, the defendant argues that by subsequently instructing the jury that the State must show the defendant specifically intended to use a BB gun that another person would believe to be a deadly weapon, the court added an element that was absent from the indictment as originally drafted. Thus, the defendant argues that the trial court effectively permitted an amendment of substance in violation of Part I, Article 15 of the New Hampshire Constitution.

The State counters that the trial court did not amend the indictment, but rather clarified its allegations.

■ Part I, Article 15 protects a defendant from being convicted of a crime not charged in an indictment. *See State v. Elliot*, 133 N.H. 759, 764, 585 A.2d 304, 307 (1990). Thus, "a trial judge cannot freely amend indictments brought on the oath of a grand jury." *State v. Prevost*, 141 N.H. 559, 560, 689 A.2d 121, 122 (1997).

> An impermissible amendment would be one that effects a change in the offense charged, or adds an offense. Because an element of the offense charged is automatically considered part of the substance of an indictment, instructing the jury on an element not charged by the grand jury substantively changes the offense and therefore is grounds for automatic reversal.

*Id.* (quotation, ellipsis, and citation omitted). A trial judge may, however, amend the form of an indictment as "such amendments do not jeopardize the right to be tried only on charges that have been passed on by a grand jury." *Elliot*, 133 N.H. at 764, 585 A.2d at 307 (quotation omitted); *see* RSA 601:8 (1986).

The defendant's argument requires that we determine what the grand jury charged, and whether the trial court's instruction "supplied what was otherwise a legal insufficiency or changed what the grand jury had returned under oath." *State v. Settle*, 132 N.H. 626, 631, 570 A.2d 895, 898 (1990).

> The true test [of an indictment's sufficiency] is not whether the indictment could possibly be made more definite and certain but rather whether it alleges every element of the offense charged in language sufficiently definite to apprise the [defendant] of what [he or she] must be prepared to meet for trial.

*Id.* (quotation omitted).

The indictment in this case charged the defendant with attempted armed robbery, a class A felony. Robbery is elevated from a class B to a class A felony where the defendant: "(a) Was actually armed with a deadly weapon; or (b) Reasonably appeared to the victim to be armed with a deadly weapon; or (c) Inflicted or attempted to inflict death or serious injury on the person of another." RSA 636:1, III. These factors "are each 'essential elements' of the class A felony of armed robbery, at least one of which must be specifically set forth in an indictment" alleging armed robbery. *Prevost*, 141 N.H. at 561, 689 A.2d at 122 (citation omitted).

> A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime.

RSA 629:1, I. To charge the defendant with attempted armed robbery, class A felony, the indictment was required to allege that the defendant (1) with a purpose to commit armed robbery, (2) committed acts constituting a substantial step toward the commission of that crime.

The indictment did not properly charge the defendant with the class A felony of attempted armed robbery. It is undisputed that the State intended for the indictment to charge the defendant with a violation of paragraph (b) of RSA 636:1, III, which requires that the defendant be armed with an object that "reasonably appeared *to the victim* to be . . . a deadly weapon." RSA 636:1, III(b) (emphasis added). The indictment, however, alleged only that the defendant was armed with a BB gun "which reasonably appeared to be a deadly weapon."

Because "[w]e assume that all words in a statute were meant to be given meaning," *Town of Wolfeboro v. Smith*, 131 N.H. 449, 453, 556 A.2d 755, 757 (1989), we conclude that the words "to the victim" are essential to paragraph (b). Thus, we conclude that an indictment which fails to make any reference to a victim or, in the case of an attempted armed robbery, the intended victim, is legally insufficient to charge a violation of paragraph (b).

■ Despite this legal insufficiency, the trial court instructed the jury that it could find the defendant guilty of attempted armed robbery if it found that the defendant "had the specific intent . . . to use an instrumentality which would reasonably appear *to the victim* to be a deadly weapon." We conclude that the court's instruction "supplied what was otherwise a legal insufficiency" to the indictment and violated the defendant's rights under Part I, Article 15 of the New Hampshire Constitution. *See Elliot*, 133 N.H. at 764, 585 A.2d at 307; *Settle*, 132 N.H. at 631, 570 A.2d at 898. While we express no opinion as to whether the trial court's instruction correctly interpreted RSA 629:1 and RSA 636:1, III, we hold that it improperly amended the indictment.

The State's remaining arguments are without merit and do not warrant further discussion. *See, e.g., Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Because we reverse the trial court's

order for the reasons stated above, we decline to address the defendant's second issue.

*Reversed and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.