NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2016-0577


THE STATE OF NEW HAMPSHIRE

v.

JOSE BATISTA-SALVA

Argued:  September 13, 2018
Opinion Issued:  February 22, 2019


Gordon J. MacDonald, attorney general (Susan P. McGinnis, senior assistant attorney general, on the brief and orally), for the State.


Thomas Barnard, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.


HANTZ MARCONI, J.  The defendant, Jose Batista-Salva, appeals his conviction for witness tampering following a jury trial in Superior Court (Colburn, J.).  See RSA 641:5, I (2016).  He raises three arguments on appeal, each of which is premised on an underlying argument that the witness tampering indictment was impermissibly constructively amended.  To the extent his arguments are not preserved, he asks us to waive our preservation requirement or consider them under plain error review.  We affirm.

The jury could have found the following facts.  On January 3, 2016, a man robbed a Wendy's restaurant in Nashua.  When a cashier was handing an

order to a customer via the restaurant's drive-through window, the robber ran up to the open window, pointed a gun at the cashier, and demanded money. Although the robber's face was covered by a bandana, the manager on duty, M.D., thought he recognized the robber's voice. M.D. believed the robber was the defendant, a former employee of that Wendy's restaurant. After the robbery, M.D. called 9-1-1 and reported to the responding officer that the defendant was the robber.

The next day, the defendant contacted M.D.'s brother, C.D., via Facebook. The defendant asked C.D. why M.D. was saying that the defendant committed the robbery. The defendant told C.D. "[t]hat was not me," "tell your brother to stop saying that was me," "[t]ell him to never say my name off his mouth again and we will not have no beef," and "[r]eal men don't tell on a soul." He also said, "[A]ll I was asking is for you to talk to your brother and put some common sense on his side not to put my name out there."

The State brought the defendant to trial on five indictments arising from the robbery. The court dismissed one charge. The jury acquitted him of three others, but found him guilty of witness tampering. This appeal followed.

The defendant makes three arguments on appeal. All three are premised on an underlying argument that the witness tampering indictment was impermissibly constructively amended at trial. The State contends that the defendant never presented his constructive amendment argument to the trial court, and therefore none of his arguments are preserved for our review. We begin by considering the defendant's underlying constructive amendment argument, and whether it is preserved.

"RSA 601:1 (2001), which must be considered in conjunction with Part I, Article 15 of the New Hampshire Constitution, requires that a person be indicted by the grand jury before he or she may be tried for any offense punishable by imprisonment in excess of one year." State v. Quintero, 162 N.H. 526, 541 (2011). Once an indictment has been returned, its language cannot be freely amended. See State v. Prevost, 141 N.H. 559, 560 (1997). "Amendments that purport to change an element of the offense are invalid, while amendments that involve merely the form of the indictment are freely allowed and may be made without the need to return to the grand jury." Quintero, 162 N.H. at 542 (citations omitted). In between these categories is a third type of amendment: one "that does not alter the crime charged in an indictment, but changes an allegation in the indictment that has the effect of specifying and circumscribing the scope of the crime alleged; for instance, an allegation of how the crime was committed." State v. Elliott, 133 N.H. 759, 764 (1990) (emphasis and quotation omitted); accord Quintero, 162 N.H. at 542. Amendments of this third type are impermissible if they prejudice "the defendant either in his ability to understand properly the charges against him or in his ability to prepare his defense." Quintero, 162 N.H. at 542 (quotation omitted). This prejudice analysis often

entails a review of whether the record of the trial court proceedings shows that the defendant relied upon the specific factual allegations in the indictment.  See, e.g., State v. Oakes, 161 N.H. 270, 279 (2010); State v. Doucette, 146 N.H. 583, 589-91 (2001); Elliott, 133 N.H. at 765-67.

In this case, the witness tampering indictment alleged that the defendant, "believing that an official proceeding . . . was pending, purposely attempted to induce or otherwise cause M.D. . . . to withhold information when Jose Batista-Salva told M.D. [to] refrain from providing his name to police . . . ." (Emphasis added.)  The defendant contends that the only evidence at trial that related to the indictment was his Facebook messages to M.D.'s brother, C.D. Because the messages were sent to C.D., not M.D., he argues that "there was no evidence that [the defendant] told M.D. anything."  In light of these points, the defendant argues that the indictment was constructively amended at trial "to allege that he committed witness tampering by communicating with C.D. rather than M.D."  The defendant then claims that this amendment was of the third type because the phrase "told M.D." specified and circumscribed how the alleged crime was committed.  He further argues that the amendment was impermissible because it prejudiced him.

The conclusion that an impermissible constructive amendment occurred operates as a premise in each of the defendant's further arguments.  He contends that his conviction is not supported by legally sufficient evidence because there was no evidence that he "told M.D." anything.  The defendant further argues that the trial court unsustainably exercised its discretion in admitting the Facebook messages into evidence because they were not relevant to whether the defendant "told M.D. [to] refrain from providing his name to police."  Finally, the defendant submits that the trial court erred when it failed to instruct the jury that he could only be convicted of witness tampering if the jury found that he "told M.D. [to] refrain from providing his name to police."

The State asserts that these arguments were never presented to the trial court and therefore are not preserved for our review.  Generally, we do not consider issues raised on appeal that were not presented to the trial court. State v. Plantamuro, 171 N.H. ___, ___ (decided Sept. 7, 2018) (slip op. at 6); see State v. Mouser, 168 N.H. 19, 27 (2015).  This preservation requirement, expressed in both our case law and Supreme Court Rule 16(3)(b), reflects the general policy that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court.  State v. Wilson, 169 N.H. 755, 768 (2017).  The defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in his appellate brief before the trial court.  State v. McInnis, 169 N.H. 565, 573 (2017).

The defendant argues that his constructive amendment argument was preserved by (1) his objection to admission of the Facebook messages, (2) his

3

motion to dismiss the witness tampering charge at the close of the State's case, and (3) his motion for judgment notwithstanding the verdict (JNOV) and his argument at the hearing on that motion. In his objection to admission of the messages, the defendant argued that they were not relevant to the witness tampering charge, "or at least the way it was charged." In his motion to dismiss the witness tampering charge, he argued that the messages were "a declaration of his innocence, the belief that he's being framed," and were not attempts to cause M.D. to withhold information. In his motion for JNOV and at the hearing on that motion, he argued that the evidence adduced by the State may have been sufficient to convict the defendant of an inchoate variation of witness tampering, but was not sufficient to convict him of the crime charged in the indictment. The defendant never argued, as he does on appeal, that the indictment was constructively amended to allege that he committed witness tampering by telling C.D. to tell M.D. to refrain from providing his name to the police. Nor did he argue that he was prejudiced by such an amendment. See Quintero, 162 N.H. at 542 (explaining that an amendment of the third type must be prejudicial to be impermissible). Thus, the trial court did not have the opportunity to consider the argument the defendant raises on appeal. We therefore conclude that the defendant's constructive amendment argument is not preserved.

The defendant argues that we should waive our preservation requirement if we find that his constructive amendment argument is not preserved. Preservation is a limitation on the parties to an appeal, not the reviewing court; thus we have discretion to waive our preservation requirement. Mouser, 168 N.H. at 28. One factor we consider when deciding to exercise this discretion is whether the failure to raise the argument to the trial court results in an insufficiently developed factual or legal record to guide our analysis. See id. In this case, evaluating the merits of the defendant's constructive amendment argument would require us to determine whether the purported amendment prejudiced him either in his ability to properly understand the charges against him or in his ability to prepare his defense. See Oakes, 161 N.H. at 279. This prejudice inquiry often entails a review of whether the record shows that the defendant relied upon the specific factual allegations in the indictment in defending against the charge. See, e.g., id.; Doucette, 146 N.H. at 591; Elliott, 133 N.H. at 765-67.

While reliance, or the lack thereof, may be evident in the record even if the constructive amendment claim brought on appeal was not raised to the trial court, see Oakes, 161 N.H. at 279, we conclude that the record in this case is insufficiently developed on the issue of reliance. Here, the record of the trial court proceedings is ambiguous as to whether the defendant relied on the factual allegations in the indictment in defending against the witness tampering charge. We decline to waive our preservation requirement in the absence of the record we need to properly evaluate the merits of the defendant's argument. Compare Mouser, 168 N.H. at 28 (declining to waive

preservation requirement on ground that, "because the defendant did not raise her appellate argument in the trial court, the trial court made very few (if any) relevant findings of fact or rulings of law" (quotation omitted)), with State v. Kardonsky, 169 N.H. 150, 152 (2016) (waiving preservation requirement "because the appeal issue constitutes a discrete question of statutory interpretation, requiring no further factual development").

The defendant also asks us to consider his arguments under plain error review. See Sup. Ct. R. 16-A. The plain error rule allows us to exercise our discretion to correct errors not raised before the trial court. State v. Hanes, 171 N.H. 173, 182 (2018). The rule is used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. Id. For us to find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. If all three of these conditions are met, we may then exercise our discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id. The defendant bears the burden of demonstrating plain error. State v. Fiske, 170 N.H. 279, 291 (2017).

A constructive amendment of the third type is error under the first prong of this standard if the defendant demonstrates that the amendment prejudiced his ability to prepare his defense or understand the charges against him. See Oakes, 161 N.H. at 278-79. Even assuming that a constructive amendment of the third type occurred in this case, the defendant has not met his burden of demonstrating that the amendment prejudiced him and therefore was erroneous under the first plain error prong. As noted above, the record is ambiguous regarding the defendant's reliance on the language of the indictment. Thus, because the defendant has not shown that any constructive amendment was prejudicial and therefore impermissible, he has not demonstrated plain error. See id. at 279.

Given our conclusions above, we need not consider the defendant's other arguments, having rejected the premise on which they rely.

Affirmed.

LYNN, C.J., and HICKS, BASSETT, and DONOVAN, JJ., concurred.