# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0200, <u>State of New Hampshire v. Joshua S. Martin</u>, the court on October 9, 2020, issued the following order:**

Having considered the briefs, memorandum of law, appellate record, and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. We affirm.

The defendant, Joshua S. Martin, appeals his convictions, following a jury trial, on eight counts of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2 (Supp. 2019). He argues that the Superior Court (<u>Ruoff</u>, J.) erred in denying his motion to dismiss and post-trial motion to set aside the verdict, asserting that the evidence was insufficient to support the convictions and, in the alternative, that the verdicts were against the weight of the evidence.

"To prevail upon a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." <u>State v. Vincelette</u>, 172 N.H. 350, 354 (2019). On a motion to set aside the verdict for insufficient evidence, "the trial court cannot weigh the evidence or inquire into the credibility of the witnesses, and if the evidence adduced at trial is conflicting, or if several reasonable inferences may be drawn, the motion should be denied." <u>State v. Spinale</u>, 156 N.H. 465 (2007) (brackets and quotation omitted).

The defendant first argues that the evidence was insufficient to support the verdicts because, he asserts, the victim's claims were contradictory and physically impossible. In support of his argument, he notes that during the victim's July 1, 2016 forensic interview, when she was fourteen, she told the interviewer that, during the assaults, which took place over a period of years, the defendant touched her genitals and breasts with his hands but did not sexually assault her in any other way. Ten days later, during a July 11, 2016 police interview, the victim told the interviewer that the defendant also masturbated in her presence. Additionally, the victim testified at trial that, during the last assault, the defendant touched her genitals and breasts, but she also admitted that, during her pretrial deposition, she had testified that, during the last assault, the defendant did not touch her genitals. The victim testified at trial that the defendant placed his penis in her mouth; however, she

did not make that claim during the initial interviews. The victim also testified at trial that, during the last assault, the defendant tied her hands and feet to the bed. During her deposition, however, she testified that, during the last assault, the defendant forced her to masturbate him, which, the defendant contends, would have been impossible if her hands had been tied to the bed.

The defendant also notes that the victim's testimony was contradicted by that of the defense witnesses. The defendant lived with his parents, and the victim would visit on weekends. The victim testified that the assaults occurred in the grandparents' home on Saturday evenings, when they left the house, and that the last assault occurred when they were visiting her great grandparents in Connecticut. The defendant's parents testified, however, that the great grandparents had died the previous year. The defendant's parents also testified that they did not typically go out on Saturday nights. In addition, they testified that there was no lock on the bedroom door, contrary to the victim's testimony that the defendant would lock the bedroom door before the assaults.

The defendant also argues that the victim's Facebook communications showed that she was angry with him, and motivated to lie about the assaults, because she believed that he had not wanted her to be born. Finally, he notes that there was no corroborating testimony or forensic evidence to support the victim's testimony.

We find the evidence sufficient to support the convictions. The victim, who was 17 years old at trial, testified that the defendant assaulted her multiple times over a period of many years, in the same bedroom at her grandparents' house. She explained that, although she could not remember specifically what happened when, the assaults occurred as she described them. By way of example, when the victim was asked where her grandparents were going on the night of the last assault, she stated only that she "assumed that they were going to visit my grandfather's parents in Connecticut." In addition, she explained that she did not provide the initial interviewer with all the details because she felt embarrassed discussing these matters with a stranger. She testified that although the defendant tied her hands to the bed, sometimes he untied them. She testified that she had known the defendant wanted her mother to have an abortion years before the angry Facebook conversation. We conclude that this testimony is sufficient to support the convictions. See Spinale, 156 N.H. at 464 (If the victim's testimony establishes a prima facie case, no corroborating evidence is needed.).

The defendant next argues that even if the victim's testimony was sufficient to support the convictions, the verdicts were contrary to the weight of the evidence. "Although a verdict may be supported by sufficient evidence, a trial court may nevertheless conclude that the judgment is against the weight of the evidence." Spinale, 156 N.H. at 465 (quotation omitted). In ruling on a motion to set aside the verdict as against the weight of the evidence, the trial

2

court sits as a "thirteenth juror" and agrees or disagrees with the jury's resolution of the conflicting testimony. Id. "Thus, a motion addressed to the weight of the evidence primarily presents a question of fact for the trial court." Id. "Because the trial court has greater discretion when ruling upon a motion to set aside the verdict as against the weight of the evidence, our scope of review of such a decision is narrower." Id. at 466. We review the trial court's decision under our unsustainable exercise of discretion standard. State v. Durgin, 165 N.H. 725, 734 (2013).

In support of his argument that the verdicts were against the weight of the evidence, the defendant relies upon the same inconsistencies identified in his sufficiency challenge. Assessing this evidence, the trial court noted that "[t]hough [the victim] was questioned about inconsistent statements she had previously given, [she] did not retract any of her statements, did not admit to being mistaken, and . . . did not waver in stating that all of the events she described happened but that she could not remember specifically what happened when." In response to the grandparents' testimony that they could not have been visiting their parents on the night of the last assault, the trial court found that "where the grandparents went, or whether [the victim] remembered accurately where they went, has no effect in inducing belief in her testimony." With respect to the defendant's evidence indicating that there was no lock on the bedroom door, we note that during her trial testimony the victim did not mention a lock on the bedroom door; she testified only that the defendant would lock the downstairs, exterior door prior to each assault. In response to this evidence, the trial court stated that it did "not find that [the victim's] inaccurate description of the bedroom door effectively impeach[d] her descriptive and unwavering testimony of being sexually assaulted for years." In conclusion, the court found that, "[i]n weighing the evidence, the probative value of these items pales in comparison to [the victim's] testimony."

The defendant also argues that the trial court, in accounting for the inconsistencies in the victim's testimony, relied upon evidence that was not in the record. In its order, the trial court stated that the forensic interviewer "testified that a minor's disclosure of sexual assault is characterized as a process, according to her experience and training, often taking time for the minor to fully discuss all details of abuse." It is undisputed that the interviewer did not make this statement, or any similar statement, in her testimony. When the trial court denies a motion for a new trial, it should be given the opportunity to correct any errors in its order. Prime Financial Group v. Masters, 141 N.H. 33, 35 (1996). However, the defendant did not bring this error to the trial court's attention in a motion for reconsideration. N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Generally, we do not consider issues raised on appeal that were not presented to the trial court. State v. Batista-Salva, 171 N.H. 818, 822 (2019). In this case, however, we waive the preservation requirement because we conclude that the trial court denied the defendant's request for a new trial based upon the weight of the

3

victim's testimony, without relying upon the cited testimony mistakenly attributed to the forensic interviewer.  See id. at 823 (noting our discretion to waive preservation); State v. Kay, 162 N.H. 237, 242 (2011) (noting that our interpretation of a trial court's order presents a question of law).  The trial court noted that the victim "herself testified that she intentionally withheld some information initially because she was not ready to divulge it, and that she had trouble keeping each incident of sexual assault separate because there had been so many and for so many years."  The court found this explanation to be "highly persuasive" and concluded that "the verdict is not against the weight of the evidence . . . because [the victim] articulated persuasive explanations" for the inconsistencies in her testimony.

Based upon this record, we conclude that the trial court sustainably exercised its discretion in denying the defendant's motion to set aside the verdicts.  See Durgin, 165 N.H. at 734.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4