# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0158, <u>State of New Hampshire v. Timothy Castine</u>, the court on April 15, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Timothy Castine, appeals his conviction, following a jury trial, of one count of witness tampering, <u>see</u> RSA 641:5, I (2016), arguing that the Superior Court (<u>Delker</u>, J.) erred in admitting witness notes into evidence. The defendant also argues that he was deprived of effective assistance of counsel, and that it was plain error for the trial court not to have intervened, <u>sua sponte</u>, to protect him from his counsel's allegedly ineffective assistance. We affirm.

The defendant first argues that the trial court erred in admitting into evidence notes that a witness made shortly after she witnessed the defendant's criminal act. At trial, the defendant did not state the basis for his objection. Nor did the trial court state the basis for overruling the objection. On appeal, the defendant argues that the notes were hearsay and not subject to any exception to the hearsay rule. The State counters that the notes were not hearsay, that they were subject to an exception to the hearsay rule, and that any error was harmless.

Assuming, without deciding, that the trial court erred in admitting the notes, we conclude that the error was harmless. An error may be harmless beyond a reasonable doubt if the other evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the evidence that was improperly admitted is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt. <u>State v. Stillwell</u>, 172 N.H. 591, 606 (2019). In this case, the State presented the testimony of three disinterested witnesses to the offense, including an attorney in the public defender's office, a law enforcement officer, and the mother of the defendant's grandchild, all of whom testified consistently in all material respects. The witness's notes were cumulative of her testimony and inconsequential in relation to the strength of the State's evidence. Accordingly, we conclude that the error, if any, was harmless. <u>See</u> <u>id</u>.

The defendant next argues that he was deprived of effective assistance of counsel. The defendant first raised this issue in his motion for a new trial, which the trial court denied on the basis that he had failed to articulate actual prejudice resulting from his former counsel's alleged errors. <u>See</u> <u>State v.</u>

Eschenbrenner, 164 N.H. 533, 539 (2013) (defendant must show actual prejudice).  As the appealing party, the defendant has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Finally, the defendant argues that it was plain error for the trial court not to have intervened, sua sponte, to protect him from his counsel's allegedly ineffective assistance.  The plain error rule allows us to exercise our discretion to correct errors not raised in the trial court.  State v. Euliano, 161 N.H. 601, 605 (2011); see Sup. Ct. R. 16-A.  The rule, however, should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result.  State v. Guay, 164 N.H. 696, 704 (2013).  For us to find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.  State v. Woodbury, 172 N.H. 358, 362 (2019).  The defendant bears the burden of demonstrating plain error.  State v. Batista-Salva, 171 N.H. 818, 824 (2019).

In this case, the defendant does not specify the remedial measures that he believes were necessary.  Nor does he provide a plain error analysis or support his argument with citations to legal authorities.  We conclude that the defendant has failed to show plain error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**