NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Retirement System
Case No. 2023-0471
Citation: Petition of Retired Keene Sch. Teachers, 2024 N.H. 55


PETITION OF RETIRED KEENE SCHOOL TEACHERS
(New Hampshire Retirement System)

Argued: May 29, 2024
Opinion Issued: October 3, 2024

NEA-New Hampshire, of Concord (Esther K. Dickinson on the brief, and Callan E. Sullivan orally), and Gill & Sculimbrene, PLLC, of Nashua (Anthony Sculimbrene on the brief), for the petitioners.

Foley Law Office, of Concord (Peter T. Foley on the brief and orally), for the respondent.

Soule, Leslie, Kidder, Sayward & Loughman, PLLC, of Salem (Peter C. Phillips), for the Keene School District, filed no brief.

DONOVAN, J.

[¶1] The petitioners, eight former public-school teachers who retired from the Keene School District (School District) between 2012 and 2017, seek review of a decision of the respondent, the New Hampshire Retirement System (NHRS)

Board of Trustees (board), denying their Petitions for Contribution and Earnable Compensation Adjustment.  See N.H. Admin. R., Ret 304.  The petitioners argue that the board erroneously denied their petitions based on its finding that they consented to a 120-day delay in payment of early retirement stipends.  In light of our decision in Keene School District v. Keene Education Association, 174 N.H. 796 (2022), we conclude that the petitioners could not have consented to the 120-day delay in stipend payments and that they were not at fault for any delay.  See RSA 100-A:1, XVII(a) (2023).  Accordingly, we reverse and remand.

I.       Facts

[¶2] The following facts were recited in the board's decision or are taken from the documents in the record.  The petitioners retired between July 1, 2012 and July 1, 2017.  At all times relevant, the collective bargaining agreements (CBAs) between the School District and the Keene Education Association (KEA), the union representing Keene teachers, included a provision that allowed eligible teachers to apply for early retirement stipends if they retired prior to their Social Security retirement age.  See Keene Sch. Dist., 174 N.H. at 798-99.  Pursuant to the CBAs, teachers who were fifty-five years of age or older with at least twenty years of full-time service in the School District could apply for early retirement benefits and, if selected, received an annual stipend based upon a five-year average of their salary and the total number of years of service.  Id. at 798.  When an application for early retirement was approved, the teacher received stipend payments until they reached the age of retirement, until their death, or for a maximum of seven years.  Id. at 799.

[¶3] An early retirement benefit for School District teachers has existed since at least 2005.  Id.  Until 2011, teachers who successfully applied for early retirement and who retired on July 1 received their first stipend payment in late August or early September of the same year.  See id.  In 2012, the School District changed its payment schedule and moved the date of the first early retirement stipend payment to November 1 or later during the first year of the teacher's retirement.

[¶4] Between 2011 and 2016, the School District approved each of the petitioners' applications for early retirement benefits.  The School District's human resources representatives issued letters to the petitioners stating, in relevant part, the following:

> Congratulations!  I am very pleased to inform you that at the . . . meeting of the Keene Board of Education, your early retirement application effective July 1 . . . was approved.

2

Please remember that your early retirement will be subject to the terms and conditions specified in Article XIV of the agreement between the KEA and the Keene Board of Education.

The first year you are retired, the District will pay your annual stipend amount in equal, bi-weekly payments starting with the first pay period in November . . . through June 30 . . . . This is so you and the Board do not incur additional NHRS wage deductions from your stipend. In succeeding years following your first year of retirement, you will be paid during the normal payroll cycles for active Keene teachers.

Subsequent to the issuance of these letters, the petitioners entered into early retirement stipend agreements with the School District.

[¶5] As stated in the letters, the School District did not pay the early retirement stipend to each petitioner until November 1 or later during the first year of any of the petitioners' retirements, even though each petitioner retired by July 1 of that same year. Consequently, the School District issued all early retirement stipend payments outside the 120-day post-separation from service limitation, and thus, pursuant to RSA 100-A:1, XVII(a), such payments did not constitute earnable compensation. As a result, the payments were not reported, and no contributions were made, to the NHRS. Because the payments were not reported to the NHRS as "earnable compensation," they were not included in the NHRS's calculation of retiring teachers' pension benefits, thereby reducing the value of the pension benefits paid. See RSA 100-A:5, I(b) (Supp. 2023).

[¶6] During this period, none of the petitioners inquired with the NHRS regarding the eligibility of the stipend payments for inclusion as earnable compensation, nor did they file grievances with the School District objecting to the timing of the payments. In December 2018, the School District informed two retiring teachers, Randall Burns and R. Scott Hyde, that their applications for early retirement effective July 1, 2019 were approved but that the School District would not make the first early retirement stipend payment until November 2019. Keene Sch. Dist., 174 N.H. at 799-800. Hyde subsequently inquired with the NHRS regarding the delayed payment and was told that NHRS regulations do not require an employer to withhold early retirement benefits for 120 days. Id. at 800. Both he and Burns realized that if the School District issued the first early retirement payment in July 2019 and made the required seventeen percent employer contribution while deducting the seven percent employee contribution from payments made within 120 days after termination of their employment, their monthly retirement benefit from the NHRS would increase by more than one hundred dollars. Id.

[¶7] Burns and Hyde thereafter filed identical grievances with the School District alleging that withholding the early retirement payments until November

3

2019 violated various provisions of the CBA. Id. The School District denied the grievances, KEA submitted the matter to arbitration, and, in April 2020, the arbitrator issued a written award finding that the School District violated the CBA by failing to make the early retirement payments beginning July 1. Id. at 800-01. The arbitrator stated that Hyde and Burns "may pursue their statutorily entitled retirement benefits with the [NHRS]." Id. at 801.

[¶8] On May 1, 2020, KEA's affiliate, the National Education Association of New Hampshire (NEA-NH), filed a petition on behalf of Burns and certain other retired teachers (hereinafter, Burns petition) requesting that the NHRS issue Notices of Contribution and Earnable Compensation Adjustment for a portion of the early retirement payments that the teachers received after they retired from the School District and correct their records to include the payments as earnable compensation. See N.H. Admin. R., Ret 304. The School District moved to intervene. NEA-NH later amended its petition to add several additional retired teachers. The parties agreed to allow the School District to intervene and to consolidate the Burns petition with a similar petition filed by Hyde. Thereafter, the School District filed a motion to stay the proceedings pending its petition filed in superior court seeking to modify, correct, or vacate the arbitrator's April 2020 award. The NHRS hearings examiner denied the School District's motion to stay. However, after the Superior Court (Ruoff, J.) denied the School District's petition, the parties agreed to stay the NHRS proceedings pending an appeal of the superior court's order to this court.

[¶9] In February 2022, we affirmed the superior court's denial of the School District's petition to modify, correct, or vacate the arbitrator's April 2020 award. Keene Sch. Dist., 174 N.H. at 797-98, 800-01. The following month, five additional retired teachers filed Petitions for Contribution and Earnable Compensation Adjustment, and the petitioners and the School District agreed to allow them to intervene in the Burns proceeding. The petitioners and the School District stipulated to the factual issues, submitted written arguments, and presented oral arguments before the NHRS hearings examiner in December 2022. The petitioners argued, in part, that the School District misled them regarding the 120-day delay in early retirement payments and that their consent to such a delay was not valid. The School District later withdrew its objection to the petitioners' Petitions for Contribution and Earnable Compensation Adjustment, although it noted that "[t]he District continues to deny any and all claims of wrongdoing or fraud made against it."

[¶10] The hearings examiner issued a recommendation on the petitions in March 2023. As relevant to the petitioners at issue here, who retired between 2012 and 2017, the hearings examiner found that:

> These Petitioners received no payments during the 120-day post-termination period, and they were informed in writing by the District that it intended to delay making payments until after the 120-day period to

4

avoid the payment of NHRS contributions by the District and the Petitioners. There is no reasonable interpretation that the payments made after the 120-day period were not "without the consent of the member." The Petitioners argue their consent was not "knowledgeable or informed," nor did they have the power to negotiate or change the payment date picked by the District. The undersigned is not persuaded that the statute requires proof that they were informed of the consequences of the delay by the District. While payments of this nature could affect the recipient's tax liability in a given year, the District would not be expected to provide retiring teachers with tax advice. Similarly, District employees do not have the expertise to provide advice on the effect of the delay on an individual teacher's pension. The District clearly informed the Petitioners of the date they intended to begin making the payments, and that the delay would result in no contributions being made to NHRS on the payments. Apparently, none of the Petitioners pursued the issue at that time with either their Union or with NHRS. There is no evidence that they ever filed a grievance to challenge the District's payment schedule, or filed a Petition for Contribution and Earnable Compensation Adjustment with NHRS challenging the delay in the payments until five to ten years after the payments were made. Moreover, [Burns and Hyde] clearly establish that [these eight petitioners] did have the ability to challenge the payment date, so any argument by the Petitioners that they were unable to do so is without merit. Considering the actual notice provided by the District and the lack of action by [these] Petitioners, including their delay in filing for relief, the undersigned is not persuaded that the . . . Petitioners met their burden to show that they met an asserted exception to the 120-day post-termination payment requirement.

(Citations omitted.)

[¶11] By contrast, as to a group of retired teachers that included Burns and Hyde, the hearings examiner found that:

The Petitioners in this group retired in 2019 and 2020. An arbitrator's decision in 2020, finalized in 2022, established certain [early retirement benefit] payments should have been received in the 120-day post retirement period that were not. These Petitioners objected to the timing of the payment and filed grievances arguing a violation of the CBA. The undersigned is persuaded [these] Petitioners were entitled to severance payments within the 120 days post-termination that they did not receive without their consent and not through any fault. [These] Petitioners met the requirements of an asserted exception to the 120-day post-termination payment requirement for the [early retirement benefit] payments.

5

[¶12] Based on these findings, the hearings examiner recommended denying the petitions as to the eight petitioners who retired between 2012 and 2017 and who did not file grievances and granting the petitions as to Burns, Hyde, and others who objected to the timing of the payments and filed grievances. The board accepted the recommendation. The eight petitioners unsuccessfully moved for reconsideration. We accepted their ensuing petition for a writ of certiorari.

II.    Analysis

[¶13] Because RSA chapter 100-A (2023 & Supp. 2023) does not provide for judicial review, a writ of certiorari is the sole remedy available to a party aggrieved by a decision of the NHRS. Petition of Lafasciano, 175 N.H. 518, 520 (2022). "Our standard of review is whether the board acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which cannot legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously." Petition of Malisos, 166 N.H. 726, 728 (2014) (quotation omitted). The petitioners' burden is to demonstrate that the board's decision is clearly unreasonable or unlawful. Petition of Concord Teachers, 158 N.H. 529, 533 (2009).

[¶14] RSA 100-A:1, XVII defines "[e]arnable compensation." RSA 100-A:1, XVII(a) states, as relevant to this appeal, that:

> Earnable compensation shall not include compensation in any form paid later than 120 days after the member's termination of employment from a retirement eligible position, with the limited exception[] of . . . severance pay which a member was entitled to be paid within 120 days after termination but which, without the consent of the member and not through any fault of the member, was paid more than 120 days after the member's termination. The member shall have the burden of proving to the board of trustees that any severance payment paid later than 120 days after the member's termination of employment is earnable compensation and meets the requirements of an asserted exception to the 120-day post-termination payment requirement.

The parties agree that the early retirement stipend payments made by the School District to the petitioners constitute severance pay. Therefore, the issue is whether the petitioners were entitled to be paid early retirement stipends within 120 days after termination and, if so, whether the School District's delay in making those payments was without the petitioners' consent and through no fault of their own. See RSA 100-A:1, XVII(a).

[¶15] The petitioners argue that the board's decision "is unreasonable and arbitrary because it holds that individual [p]etitioners can agree to terms of employment which are contrary to the CBA." They claim that, as employees

6

whose employment was governed by the terms of CBAs between the KEA and the School District, their consent was "impossible" because they could not agree to modifications of the CBAs. The respondent asserts that this argument is not preserved for our review because the petitioners did not raise it during the proceedings before the hearings examiner or board.

[¶16] Generally, we do not review issues that were not presented to the hearings tribunal. See State v. Batista-Salva, 171 N.H. 818, 822 (2019). This preservation requirement, expressed in both our case law and Supreme Court Rule 16(3)(b), reflects the general policy that trial forums should have an opportunity to rule on issues and to correct errors before they are presented for our review. Id. The petitioners, as the parties seeking review, bear the burden of demonstrating that they specifically raised the arguments articulated in their petition and accompanying brief before the hearings examiner and the board. See id.

[¶17] We assume that the respondent is correct that the issue of impossibility of consent is not preserved because the petitioners argued before the NHRS that their consent was invalidated by "allegedly fraudulent misrepresentations by the School District" and not by their inability to agree to terms contrary to the CBAs. However, because preservation is a limitation on the parties seeking review, not the reviewing court, we have discretion to waive our preservation requirement. Id. at 823; see State v. Kardonsky, 169 N.H. 150, 152 (2016) (assuming without deciding that argument was not preserved but addressing merits "because the appeal issue constitutes a discrete question of statutory interpretation, requiring no further factual development"); Appeal of Bosselait, 130 N.H. 604, 606-08 (1988) (reviewing unpreserved claims in part because "similar claims may be raised in the future"). Because we have previously analyzed the CBA language at issue here in our decision in Keene School District, 174 N.H. at 802-03, and because no further factual development is required to resolve this issue, we will address the merits of the petitioners' argument.

[¶18] The letters the School District sent to the petitioners represented that the petitioners' "early retirement will be subject to the terms and conditions specified in Article XIV of the agreement between the KEA and the Keene Board of Education." The respondent characterizes this statement as "an accurate statement" that, "as a result, [is] not fraudulent." While the School District may have believed previously that its policy of delaying early retirement stipend payments 120 days complied with Article XIV of the CBAs, we have since clarified that the CBAs do not authorize such a delay. Keene Sch. Dist., 174 N.H. at 802-03.

[¶19] In Keene School District, we affirmed the arbitrator's finding that the School District violated Article XIV of the CBA by delaying payment of early retirement benefits to November rather than commencing stipend payments

7

immediately following the July 1 retirement date. Id. at 800-01. The arbitrator concluded that the School District's practice of delaying payments was at odds with the plain language of the CBA and that there was an absence of mutuality because "there is no evidence that the [KEA] knew about the [120-day] delay in the School District's making these payments, much less that it agreed with such a practice." Id. at 802-03 (quotation and brackets omitted). The School District argued on appeal that the arbitrator was plainly mistaken in failing to consider the past practice of making the first stipend payment 60 to 120 days after the July 1 retirement date. Id. at 802. We disagreed, explaining that because the School District's argument was premised upon the parties sharing a common understanding of the past conduct, and because the record did not indicate that the KEA knew of or agreed to the delayed stipend payment, the arbitrator was not plainly mistaken in concluding that the elements of mutuality were not present. Id. at 803.

[¶20] Here, the petitioners and the School District stipulated that since 1986, every CBA between the KEA and the School District has contained a provision for early retirement benefits in Article XIV and that the provision "has remained generally unchanged since its inception." Therefore, because the same CBA language that was disputed in Keene School District is relevant to the resolution of the petitioners' argument, our holding in that case — that the language of the CBAs does not permit the School District to delay early retirement payments — must apply to the instant petition. See Keene Sch. Dist., 174 N.H. at 802-03. As the School District explained in its letters to the petitioners, "early retirement will be subject to the terms and conditions specified in Article XIV of the agreement between the KEA and the Keene Board of Education." Therefore, in light of our holding in Keene School District, the School District's representation that early retirement stipend payments would begin the first pay period in November was contrary to the CBAs. See id.

[¶21] The petitioners correctly note that employees whose employment is governed by a CBA are not parties to that agreement and therefore cannot make changes to or waive the CBA's terms. See RSA 273-A:11, I (2023) (granting the "right to represent employees in collective bargaining negotiations" to "the exclusive representative of a bargaining unit certified under RSA 273-A:8."). Here, each CBA was negotiated by the KEA and the School District. The petitioners, as employees, were thus unable to consent to terms that the parties to the agreement had not negotiated. See Appeal of Franklin Education Assoc., NEA-New Hampshire, 136 N.H. 332, 336 (1992) ("If an employer can negotiate directly with its employees, then [RSA chapter 273-A's] purpose of requiring collective bargaining is thwarted.").

[¶22] Having concluded that the petitioners could not have consented to the delay, we turn to the second part of the exception to the 120-day rule, that the severance payment was issued more than 120 days after a member's termination, "not through any fault of the member." RSA 100-A:1, XVII(a). The

respondent argues that "the fact that Petitioners could have objected to and prevented the delay in stipend payments is established by the actions of their fellow [early retirement benefit] recipients, Burns and Hyde." The respondent asserts that the board correctly concluded that the petitioners had the opportunity to challenge the delay and that their failure to do so is "clearly inconsistent" with the standard imposed by RSA 100-A:1, XVII(a). Put differently, the respondent claims that the petitioners were at fault for the delay because they did not challenge the delay by filing grievances with the School District. We are not persuaded.

[¶23] While the record reflects that, prior to the grievances filed by Burns and Hyde, no retiring teacher complained of the delayed payment, we noted in Keene School District that even when Burns and Hyde ultimately pursued the issue with the School District, the School District did not disclose that, by delaying stipend payments, it avoided its NHRS contributions and diminished the retirees' retirement benefits. Keene Sch. Dist., 174 N.H. at 800, 803. The School District wrote to Hyde that "you as the retired member do not want to incur any earnable compensation penalties." Id. at 800 (quotation omitted). The School District denied the grievances filed by Burns and Hyde, id., and the respondent offers no argument as to why these petitioners would have received a more favorable response from the School District.

[¶24] Moreover, in view of our decision in Keene School District, we cannot conclude that the petitioners were at fault for any delay. To rule otherwise would require the petitioners to have a more accurate understanding of the CBAs than the parties who negotiated the terms of the agreements and to predict the arbitrator's award to Burns and Hyde. See id. at 800-01. The petitioners and the School District have agreed that the delay in stipend payments was entirely the School District's decision, rather than a condition that the KEA and School District negotiated. In addition, the parties have stipulated that the School District never presented the petitioners with an option to commence stipend payments at an earlier date, nor did the School District inform the petitioners that the delay in stipend payment would affect their pension calculation. Therefore, we are unpersuaded that the petitioners' failure to object to the School District's policy, which violated the terms of the CBAs, puts them at fault for the delay in stipend payment.

[¶25] In sum, we conclude that the petitioners met their burden of establishing that, without their consent and not through any fault of their own, they were paid early retirement stipends more than 120 days after their retirement date. See RSA 100-A:1, XVII(a). We further conclude that the board's decision denying the petitioners' Petitions for Contribution and Earnable Compensation Adjustment must be reversed because it was contrary to our decision in Keene School District. As a result of our conclusion, we need

9

not address the petitioners' remaining arguments.  We reverse and remand to the NHRS for proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

MACDONALD, C.J., and BASSETT and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.